207 So.2d 155 (1968)
Gurvis A. RYDER
v.
BACO REALTY CO. et al.
No. 7230.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
Rehearing Denied March 4, 1968.
Writ Refused April 23, 1968.
*156 J. Burton LeBlanc, Jr., Marshall B. Brinkley, Baton Rouge, for appellant.
Charles W. Franklin, of Franklin & Keogh, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
ELLIS, Judge.
This suit was originally brought by Gurvis A. Ryder against Baco Realty, Inc. and others for damages resulting from an accident, which happened during the course and scope of his employment with James J. Best, d/b/a Best Construction Company, a general contractor.
The petition alleges that plaintiff, while carrying out the duties of his employment as an iron worker, was caused to fall from a building, the fall being allegedly caused by an electric arc. He alleges that the arc occurred because the building on which he was working was built some two feet over a setback line, which brought him into close proximity with electric lines near the building.
He alleges the negligence of Baco Realty, Inc., owner of the building, to have occurred in a number of respects, including violation of the ordinance and building permit requiring the construction of the building two feet back from the servitude line.
Baco filed an answer and third party demand which alleges the building contract between it and Best Construction Company, the surety bond attached to the contract, written by Continental Casualty Company, and the negligence of Best and others in a number of respects. Continental is alleged to be a joint tortfeasor and liable to Baco under its bond for any amounts which Baco might have to pay arising out of the improper performance of the contract.
Continental filed a motion for summary judgment to the third party petition, alleging that its bond gives no coverage in the case of a cause of action arising in tort, but is designed to protect solely for nonperformance of the building contract entered into.
The motion for summary judgment was maintained by the district court, and the third party demand dismissed as to Continental, from which judgment Baco brings this appeal.
The issue presented here is simple: Is the surety on a contractor's bond responsible to the owner for amounts which the owner must pay for personal injuries *157 arising out of the contractor's negligence in constructing the building?
The language of the bond which creates the liability of the surety is as follows:
"WHEREAS, the above bounden Principal has entered into a certain written contract with the above names Obligee, dated the 5th day of August 1964, For construction of Bancroft Warehouse Building, Baton Rouge, Louisiana which contract is hereby referred to and made a part hereof as fully and to the same extent as if copied at length herein.
"NOW THEREFORE, THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That if the above bounden Principal shall well and truly keep, do and perform, each and every, all and singular, the matters and things in said contract set forth and specified to be by the said Principal kept, done and performed at the time and in the manner in said contract specified, and shall pay over, make good and reimburse to the above named Obligee, all loss and damage which said Obligee may sustain by reason of failure or default on the part of said Principal, then this obligation shall be void; otherwise to be and remain in full force and effect."
In the contract, the contractor binds himself to build, in a "perfect workmanlike manner", a building on owner's property, in accordance with plans and specifications, and complying with all building laws and regulations.
Baco claims that the improper location of the building is a breach of the contract, and that any amounts which he might have to pay in tort for plaintiff's injuries, since it results from a breach of the contract by Best, renders Continental liable under its contract of suretyship. In support of this contention, the case of Macaluso v. Thibodeaux, 232 La. 431, 94 So.2d 426 (1957) is relied on. In that case, a building which the contractor was renovating suffered certain damage as a consequence of which the building was demolished, without authorization, by the contractor, who sold the materials. The contract was thereby rendered impossible to complete The Supreme Court found the contractor and his surety liable to plaintiff in damages in the amount of the value of the building, holding the surety on the theory that plaintiff's loss was directly attributable to the contractor's failure faithfully to perform his contract.
Baco claims that its potential liability would likewise be attributable to Best's failure to perform his contract, in that he built the building in the wrong place.
Continental maintains that such liability is not contemplated by the surety contract.
The bond in this case was furnished pursuant to the provisions of R.S. 9:4802, which provides that the condition of the bond shall be the faithful performance of the contract and payment of laborers and materialmen. R.S. 9:4803 provides that:
"* * * the surety * * * shall be liable in solido with the contractor for all labor and materials used in the said work of improvements and the costs of recording valid privileges up to the amount of the bond. * * *"
It therefore appears that the bond is intended primarily for the protection of laborers and materialmen, in the event of default on the part of the contractor, and of the owner in the event of breach of the contract. An intention to extend the coverage of a contractor's bond beyond those limits should be expressly stated, and we find no such language in Continental's bond.
In so far as the contractor's principal obligation under the contract, the "perfect and workmanlike" construction of a building, is concerned, we find that the liability of the surety is coincident with the liability of the contractor, so that, as in the Macaluso case, supra, the owner shall be made whole by either of them in the event of breach of the principal obligation. However, the claim presented here is not the same as that in the Macaluso case.
*158 To allow recovery from the surety on such a claim as is presented here could completely eliminate the protection sought to be furnished to laborers and materialmen, since in no event could the surety be liable beyond the amount of his bond. Such a result could not have been contemplated by the legislature. Other jurisdictions have reached the same conclusion. See Tri-State Insurance Company v. United States, 340 F.2d 542 (8 Cir. 1965); Kniess v. American Surety Co. of New York, 239 Wis. 261, 300 N.W. 913 (1941); National Surety Co. of New York v. Ulmen, 68 F.2d 330 (9 Cir. 1934).
We find that the judgment appealed from to be correct, and it is affirmed, with all costs of this appeal to be paid by appellant, and the assessment of other costs to await the final determination of the case on the merits.
Affirmed.