230 So.2d 281 (1970)
JIMCO, INC.
v.
GENTILLY TERRACE APARTMENTS, INC., et al.
No. 3782.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1970.
*282 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Merrill T. Landwehr and Raymond J. Salassi, Jr., New Orleans, for plaintiff-appellant.
Franklin, Moore, Beychok & Cooper, Sheldon D. Beychok, New Orleans, for Peerless Insurance Co., defendant-appellee.
Before SAMUEL, CHASEZ and DOMENGEUAX, JJ.
CHASEZ, Judge.
This is a suit arising under the Private Works Act. There was a contract entered into between Gentilly Terrace Apartments, Inc., as owner, and Vincent A. Miceli, Sr., as contractor, for the construction of a building on property owned by Gentilly Terrace Apartments, Inc. The contract was bonded and the sureties were Marquette Casualty Company and Peerless Insurance Company. Plaintiff, Jimco, Inc., was a furnisher of material used in the *283 construction. Although some payments were made to plaintiff there still remains a sum outstanding of $5,182.72, representing ready-mix concrete and other building materials sold and delivered to the construction site. The claim of Jimco, Inc. is based on a lien filed and recorded in October of 1964, the validity of which is not in question.
Jimco, Inc. originally sued the owner, Gentilly Terrace Apartments, Inc., and the two sureties, Marquette Casualty Company and Peerless Insurance Company, in the amount of $5,182.72 for payment of the materials furnished. The contractor was not joined as a defendant due to the fact that he had been placed in bankruptcy.
There were two bonds furnished in connection with this contract. Marquette Casualty Company executed a bond which guaranteed payment of all liens or privileges timely recorded. The bond furnished by Peerless Insurance Company was a performance bond only. There was no provision in the Peerless bond to protect laborers and material furnishers; in fact, the bond specifically excluded them as follows:
"This bond is executed and accepted upon the following express conditions precedent:
* * * * * *
"7. It is understood and agreed that this bond obligation does not cover the payment of labor and material bills in connection with this contract."
Marquette Casualty Company who furnished the bond guaranteeing liens became insolvent and plaintiff, Jimco, Inc., attempted to recover from Peerless Insurance Company who furnished the performance bond. From a judgment in favor of Peerless Insurance Company plaintiff has appealed.
There is only one issue for our consideration, i. e., whether defendant, Peerless Insurance Company, as surety on a performance only bond, should be held liable to materialmen, suppliers and laborers on their admittedly duly recorded liens.
The basis for plaintiff's insistence that Peerless should be held liable on the bond is that the bond involved is a statutory bond; that is, it argues that although no bond is required by law on private building contracts, if a bond is furnished then it is statutory and all omitted portions of the bond requirements of LSA-R.S. 9:4801 et seq., must be read into the bond and all super-added material must be read out. This, of course, is the law applicable to statutory bonds. See Patent Scaffolding Co. v. Ross Corporation, La.App., 172 So.2d 364 (4th Cir.1965); Martinolich v. Albert, La.App., 143 So.2d 745 (1st Cir. 1962).
Defendant, Peerless, however, denies that the bond is statutory and submits that it is a mere conventional obligation binding on the parties to it.
This court agrees with Peerless Insurance Company that the bond is conventional rather than statutory. Under the Public Contract Law the State of Louisiana is obligated to require that a surety bond be filed for faithful performance of the contract with the additional obligation of payment to laborers, materialmen and the like and "no modifications, omissions, additions in or to the terms of the contract * * * shall in any manner affect the obligation of the surety". LSA-R.S. 38:2241. This is a mandatory statutory bond and the terms of the statute may not be varied.
This, however, is not the case when dealing with a bond on a private work. There is no statute in Louisiana making it mandatory that a private owner enter into a written building contract, record it and furnish bond to construct an edifice. De Frances Marble & Tile Co. v. Coxe, La.App., 148 So.2d 83 (1st Cir.1962); Certiorari denied March 12, 1963.
*284 The distinction between bonds on private works and bonds on public works was clearly defined in Patent Scaffolding Co. v. Ross Corporation, supra, where this court stated that:
"A bond on a private work is not a statutory bond in the sense that a bond on a public work is statutory for there is no mandatory requirement that one be furnished, * * *"
and cited the De Frances Marble case as recognizing this distinction. In the De Frances Marble case the surety had agreed to allow suits to be brought within two years of the date of registry of the acceptance by the owner even though the statute (LSA-R.S. 9:4814) allowed only one year in which to bring suit. The court allowed this provision to stand stating at page 88:
"Accordingly, the recorded stipulation voluntarily by Employers placed in its bond, thereby publicly notifying such suppliers of materials or artisans of its agreement to pay any such unpaid claims within a period of two years is a conventional obligation assumed by it giving to such claimants a direct action on the bond for the assertion of such claims and is in no way dependent upon the statutory requirement restricting the assertion of such claims to one year."
Having decided the bond is not statutory that it necessarily follows that it is a conventional bond, i. e., a conventional obligation between the parties. The parties in this case chose to execute two bondsone to cover performance of the contract, one to cover any liens which might arise. There is nothing in the building contract law which precludes such an arrangement. LSA-R.S. 9:4802 requires as conditions for the bond the true and faithful performance of the contract and the payment of all furnishers of material as their interest may arise. These requirements were met by the two bonds executed by the contractor and the sureties. It is unfortunate that the surety protecting the lien holders became insolvent but this should be of no concern to the other bonding company in this case. Had there been only one bond furnished in connection with this contract and it with the Marquette Casualty Company, now insolvent, plaintiff would have no cause to complain.
The bond sued on by Jimco, the plaintiff, is an obligation of suretyship. Vincent A. Miceli, Sr. is the principal; Peerless Insurance Company is the surety; Gentilly Terrace Apartments, Inc. of New Orleans, Louisiana, as owner; and Capital Bank and Trust Co. of Baton Rouge, Louisiana, and Meadow Brook National Bank of West Hempstead, New York, as lenders, are the dual obligees. Because the bond sued upon is a suretyship obligation, the conditions of the undertaking are determined by the terms of the contract establishing it. Suretyship can not be established by inference. LSA-C.C. Art. 3039 provides that:
"Surety can not be presumed; it thought to be expressed, and is to be restrained within the limits intended by the contract."
Any intention to extend the coverage of a contractor's bond beyond the provisions of the statutes LSA-R.S. 9:4802, 4803, should be expressly stated. Ryder v. Baco Realty Co., La.App., 207 So.2d 155 (1st Cir.1968).
Peerless did not expressly undertake to guarantee the plaintiff's claims but, in fact, expressly excluded any claims of lien holders.
The only obligees on the bond are Gentilly Terrace Apartments, Inc. of New Orleans, Louisiana, and the two banks, Capital Bank and Trust Co. of Baton Rouge, Louisiana, and Meadow Brook National Bank of West Hempstead, New York.
Our courts have repeatedly held that a performance bond given by a contractor or a subcontractor for the faithful performance of his work which carries a provision for the payment of the material and labor that go into the work does not give a right of action on the bond to the furnishers of *285 the material or the labor unless it is clearly so provided for in the bond. Gateway Barge Line, Inc. v. R. B. Tyler Company, La.App., 175 So.2d 867 (1st Cir.1965) and cases cited therein. Since this is the case, then there is even more reason to deny a furnisher of material a right of action on the bond when it is specifically excluded from its provisions.
Plaintiff, Jimco, Inc., was not expressly given a right of action on the Peerless bond and it, therefore, has none because this contract of suretyship is a conventional obligation and is governed by the express language of the contract and the intent of the parties.
For the above mentioned reasons, the judgment in favor of the defendant, Peerless Insurance Company, and against plaintiff, Jimco, Inc., dismissing plaintiff's suit, at his cost, is affirmed. Plaintiff is to pay costs of this appeal.
Affirmed.