SARTAIN, Judge:
This is a suit for a declaratory judgment as to the plaintiff’s obligations as surety under two performance bonds issued in connection with certain construction projects. Plaintiff herein, Fireman’s Fund American Insurance Companies (hereinafter, Fireman’s Fund), issued bonds in the amount of $12,000.00 and $34,000.00 each on October 17, 1967, which secured the satisfactory completion of certain premises at 8386 and 8388 Airline Highway, Baton Rouge, Louisiana, by C & M Contracting Company.
On April 8, 1968, an “acknowledgment of default” executed by C & M Contracting Company, represented by T. E. Milstid, was recorded in the mortgage records of the Parish of East Baton Rouge. Numerous materialmen, subcontractors and suppliers perfected liens against the projects, as indicated and itemized in the petition and supplemental petition filed herein. It appears that by the time the matter was submitted to the trial court for adjudication, all of the lienholders had been satisfied with the exception of Louisiana Concrete Products, Inc. (hereinafter, Louisiana Concrete), who seeks judgment against the plaintiff here in the principal amount of $2,088.78.
The bonds appear to be standard agreements of suretyship by which Fireman’s Fund guarantees, to specified limits, the performance of C & M Contracting Company to Ben F. Ragusa, listed as obligee and owner of the premises noted on the bonds. The agreements also contain the following pertinent clause:
“No right of action shall accrue on this bond to or for the use of any person or corporation other than the Owner named herein or the heirs, executors, administrators or successors of Owner.”
Without the taking of testimony, this matter was submitted to the trial court on a stipulation of fact agreed upon by counsel for both parties. There seems to be no dispute as to the authenticity of Louisiana Concrete’s claim.
Although cognizant of the provisions of these bonds, it is the position of Louisiana Concrete that they should recover from the plaintiff despite their terms. This premise is based upon the argument that when a conventional bond is executed in connec *573 tion with the construction of private works, that its provisions, though not so written, must ultimately conform to the terms of construction bonds, as suggested in R.S. 9:4801, et seq. That is, that every bond issued on private works should become a statutory bond, such as those alluded to in the statute just cited and required on all public projects, and that where a private bond lacked complete security for all concerned, that security should be judicially added or “read in” to the surety’s obligation. They further contend that our approval of this proposition will further allow them their direct action against the surety even though the contract specifically excludes such a right to anyone except the obligee.
Squarely presented to the district judge, then, was the question of whether or not a private bond entered into for the surety of performance only of a private works contract could contain only the terms set out by the parties or must all of the obligations of a statutory bond be incorporated therein by operation of the law and contrary to the will of the parties.
In thorough and exhaustive written reasons, the trial judge ably disposed of the matter. His rejection of Louisiana Concrete’s contentions is compelled by prior pronouncements of this court and other Courts of Appeal of this state and is eminently correct.
These agreements specifically purport to bond the performance only of the contractor in the construction of these premises. In bold-face type across the top of this one-page document are the words: PERFORMANCE BOND. By its terms, it runs only in favor of the owner-obligee, Ragusa. It was obviously not the intent of these contracting parties to secure the claims of materialmen and suppliers; to reach such claimants would require that this agreement be judicially extended.
This is not a matter of first impression in our jurisprudence. In DeFrances Marble and Tile Company v. Coxe, 148 So.2d 83 (1st Cir. 1962), this court obliquely touched upon this matter under factual circumstances unlike those here. There, the court said:
“There is no statute in Louisiana making it mandatory that a private owner enter into a written building contract, record same and furnish bond to construct an edifice. The law simply provides that where such contract is in writing, duly recorded and bond furnished, a lien or privilege is granted to a furnisher of material who asserts his claim properly and timely, and further, under said statute, the legislature has seen fit to give a claimant a right of action against the surety, provided suit is brought within one year from the date of registery of acceptance by the owner or date of notice of default.”
More recently, in Jimco, Inc. v. Gentilly Terrace Apartments, Inc., 230 So.2d 281 (4th Cir. 1970), a situation similar to the case at bar was presented. There, a construction project was bonded for performance only by the Peerless Insurance Company; the payment of all liens and privileges was secured by a bond issued by Marquette Casualty Company. Jimco, an unpaid furnisher of materials sought payment from the insurer of the performance bond, Peerless, when Marquette became insolvent. There the court drew the following distinction:
“This court agrees with Peerless Insurance Company that the bond is conventional rather than statutory. Under the Public Contract Law the State of Louisiana is obligated to require that a surety bond be filed for faithful performance of the contract with the additional obligation of payment to laborers, material-men and the like and ‘no modifications, omissions, additions in or to the terms of the contract * * * shall in any manner affect the obligation of the surety’. LSA-R.S. 38:2241. This is a mandatory statutory bond and the terms of the statute may not be varied.
*574 “This, however, is not the case when dealing with a bond on a private work. There is no statute in Louisiana making it mandatory that a private owner enter into a written building contract, record it and furnish bond to construct an edifice. DeFrances Marble & Tile Co. v. Coxe, La.App., 148 So.2d 83 (1st Cir. 1962); Certiorari denied March 12, 1963.”
We conclude that those entering into the construction of private works are not compelled by the provisions of R.S. 9:4801, et seq. to supply bonds for those projects. If the parties see fit to do so, that bond may be upon the conditions they choose to incorporate in it.
Counsel for Louisiana Concrete has cited for our consideration the case of Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510 (1933) as authority for their contention that any bond must be a “statutory” bond. While we recognize that this decision seemingly contains language which would support that position, we are unable to determine from that opinion what caused the court to conclude that the bond was, in that case, statutory. We must be guided by the pronouncements in DeFrances, supra, however, as writs were denied therein by the Supreme Court.
This being a private contract between the parties, we now turn to the issue posed for declaratory judgment, that is, does the claimant, Louisiana Concrete, have a direct cause of action against the surety, Fireman’s Fund.
By the very terms of the bond, as previously quoted, no cause of action shall accrue to anyone other than the owner, Ragu-sa. The trial judge correctly determined this to be a conventional contract of surety to be governed by the related statutory law. Civil Code Article 3039 provides for such agreements in the following way:
“Suretyship can not be presumed; it ought to be expressed, and is to be restrained within the limits intended by the contract.”
The limits of this contract have been clearly expressed between the parties; the sole obligee on the bond is Ben F. Ragusa. That obligee only possesses a cause of action on the performance bond. See Gateway Barge Line, Inc. v. R. B. Tyler Company, 175 So.2d 867 (1st Cir. 1965) and cases cited therein.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.