324 So.2d 528 (1975)
BOWLES & EDENS CO.
v.
H & H SEWER SYSTEMS, INC., and American Employers Ins. Co.
No. 10478.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Kenneth Rigby, Shreveport, for appellant.
Paul Marks, Jr., and Daniel R. Atkinson, Baton Rouge, for appellees.
Before SARTAIN, J., and BAILES and PICKETT, JJ. Pro Tem.
JULIAN E. BAILES, Judge Pro Tem.
This appeal is of the judgment of the district court sustaining the motion for summary judgment and peremptory exceptions of no cause or right of action filed by American Employers Insurance Company (American) and dismissing plaintiff's suit as to American. We reverse and remand.
There is no dispute as to the facts. A written contract for the construction of a water distribution system in Quail Creek Subdivision in Alexandria, Rapides Parish, Louisiana, was entered into between the owners of the development and H & H Sewer System, Inc. (Contractor), for the sum of $51,772.75. A performance bond *529 was provided for the Contractor by American to the Owners in the amount of $52,000. Both the contract and the bond were timely recorded in the mortgage records of Rapides Parish. In due time the certificate of final acceptance was recorded in the said mortgage records.
Plaintiff-appellant, Bowles & Edens Company, sold and delivered to the Contractor certain building supplies and materials required for and used in the construction of the water distribution system on which there is a past due and unpaid principal balance of $12,986.56.
In this action plaintiff-appellant brought suit against both the Contractor and American to recover the unpaid purchase price of the building materials sold and delivered to the Contractor as noted above.
The ground urged by American in both its motion for summary judgment and its exceptions of no cause and no right of action for dismissal of plaintiff's action is the following:
The performance bond states, in part, that:
"* * *
"Now, therefore, if Principal (the contractor) shall, subject to the performance of Owner's obligations to Principal, perform Principal's obligations under said contract and keep the property free and clear of any and all mechanic's and materialmen's liens for labor or materials furnished in connection therewith, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:
"* * *
"(6) No right of action shall accrue on this bond to or for the use or benefit of any person or corporation other than the Owner and Lender herein named, and no suit, action or proceeding shall be had or maintained against surety on this bond unless the same be brought or instituted within one (1) year after the date of the completion of the work by Principal or after the date of any default by Principal in the performance of the contract." While the trial court did not assign written reasons for judgment, it would appear it held that Condition (6) of the bond was a legal and binding condition of American's obligation under the performance bond, and inasmuch as plaintiff was neither the owner nor the lender it had no cause of action and no right of action against American. Further, it would appear that the trial court reached the conclusion that the bond furnished by American was a conventional bond into which it could effectively place such conditions as might be agreeable to the two contracting parties and itself.
Appellee American argues that the bond was furnished under LSA-R.S. 9:4801 et seq., involving "Private Works" as opposed to "Public Works" covered by LSA-R.S. 38:2241 et seq. Further, American argues there is no statutory or mandatory requirement that a bond be furnished or that it be filed under LSA-R.S. 9:4801 et seq. In the trial court, as well as here, American relies for support of its position on two recent cases of this court. These cases are Fireman's Fund American Insurance Companies v. Milstid, 253 So.2d 571 (La.App. 1971), and National American Bank v. Southcoast Contractors, Inc., 276 So.2d 777 (La.App.1973). We find these cases are clearly distinguishable from the instant case.
In National American Bank v. Southcoast Contractors, Inc., supra, there was no issue before the court which required it to decide whether the bond therein sued on was statutory or conventional. When the court decided that the rights of National American Bank were derivative under the *530 assignment from the owner, the following statement of the court found on page 781 that:
(1, 3) * * * Of course, the subject bond is conventional in the sense that the parties to a building contract for the erection of a private work and an accessory performance bond are controlled by the language, intention and meaning of the documents as contradistinguished from a contract and bond for the erection of a public work, which latter undertakings must contain certain conditions and rights imposed by the statute, which, if omitted, are read into the obligations. * * *.",
is dicta and is not authority in the instant case.
The other case relied on by Appellee of Fireman's Fund American Insurance Companies v. Milstid, supra, was distinguished for us by the Supreme Court in its refusal of writs (260 La. 131, 255 So.2d 355) when it stated:
"Writ denied. The result is correct. In Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510, the contract and bond were recorded as required by R.S. 9:4802 (then Act No. 298 of 1926), and that bond was statutory. R.S. 9:4812 applies to private works both when there is no contract and when the contract is unrecorded as in the instant case. (Emphasis added.)
Again in Patent Scaffolding Co. Inc. v. Ross Corporation, 172 So.2d 364 (La.App.4th Cir. 1965) it was dicta when that court, on page 367, said:
"[4] * * * A bond on a private work is not a statutory bond in the sense that a bond on a public work is statutory for there is no mandatory requirement that one be furnished. This distinction was recognized in the DeFrances case. Since this is a mandatory statutory bond its provisions can not be enlarged as was done conventionally in a conventional bond in the DeFrances case [DeFrances Marble and Tile Co. v. Coxe, 148 So.2d 83 (La.App.1962)]".
In Jimco, Inc. v. Gentilly Terrace Apartments, Inc., 230 So.2d 281 (La.App.4th Cir. 1971) the opinion does not state whether the mandatory requirements of the Private Works statute had been followed. Even so, the particular facts of that case, bar its application to the instant case.
The Plaintiff-Appellant argues that the bond furnished by American to the Owner is a statutory bond and that any provisions thereof which are contrary to the provisions of Private Works statutes must be read out of the bond. It cites the cases of Minden Presbyterian Church v. Lambert et al., 167 La. 712, 120 So. 61 (1929), and Electrical Supply Co. v. Eugene Freeman, Inc. et al., 178 La. 741, 152 So. 510 (1934).
In Minden Presbyterian Church v. Lambert, supra, the indemnitor of the surety on the bond which did not track the statute (Act 139 of 1922, a source statute of R.S. 9:4801 et seq.) filed an exception of no cause of action based on this variance between the terms of the bond and the surety's obligations under the statute. In passing on the exception, the Supreme Court stated:
"* * *
"It was the evident intention of the owner to exact of the contractor the bond required by statute, and it was the evident intention of the contractors and the surety to give such a bond. The bond being a statutory one, and such being the intention of the parties, whatever, is in the bond is not required by law should be read out of it, and whatever is not expressed in the bond, and should have been included in it, should be read into it. Davis v. West Louisiana Bank, 155 La. 245, 99 So. 207; Id., 155 La. 252, 99 So. 210. Applying the foregoing principle here there can be no question as to the sufficiency of the bond. Moreover, not applying that principle, it is difficult *531 to see how, under a bond conditioned on the contractor's well and truly fulfilling any and all conditions of the contract, the obligation being imposed upon him to deliver the building free from liens, the surety on the bond is not bound to see that the building is so delivered. * * *"
In Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510 (1934), a suit by a materialman against a contractor and the surety on the contractor's bond, defended on the ground that the plaintiff-materialman had granted an extension of time to the contractor to pay the debt thereby relieving the surety from liability under Civil Code Article 3063 which provides that the prolongation of the terms granted to the principal debtor without the consent of the surety operates a discharge of the surety, the Supreme Court in rejecting this defense of the surety, inter alia, stated:
"[3] And, since the bond herein given is a statutory bond, we must look to the statute under which the bond was given to find the conditions of the bond; for whatever is written in it, not required by the statute, must be read out of the bond, and whatever is not expressed in it, but which ought to have been incorporated, must be read into it." (Citations omitted).
Here follows a condensation of the provisions of R.S. 9:4801 and 4802 insofar as this plaintiff is affected thereby:
Every furnisher of material who furnishes material for the construction of immovable property with the consent of the owner or of any person with whom the owner has contracted for such work, has a privilege for the payment in principal and interest of such materials furnished, upon the land and improvements on which the materials were furnished. (9:4801)
Every contract hereafter entered into for the construction of any work on immovable property by any general contractor undertaking such general contract with the owner shall be reduced to writing, signed by the parties thereto by an authentic act, or under private signature, and shall be recorded in the office of the clerk of court or the recorder of mortgages of the parish wherein said work is to be executed, before the date fixed on which the work is to commence and not more than thirty days after the date of the said contract. Such recordation shall preserve the privileges on the buildings or other work of improvement, and on the land on which it is situated, in favor of every furnishers of material as their interest may arise. The owner of such work shall require of such contractor a bond with surety as follows: If the contract is over ten thousand dollars, but does not exceed one hundred thousand dollars, the bond shall be not less than fifty per cent of the amount of the contract but not less than ten thousand dollars in any event. The bond shall be attached to and recorded with the contract in the office of the clerk of court or recorder of mortgages, as above set forth, and the condition of the bond shall be the true and faithful performance of the contract and the payment of all furnishers of material as their interest may arise. (9:4802)
The provisions of § 4803 are quoted in full:
"Subject to the limitation provided in R.S. 9:4814, where the owner has required the bond herein provided, the surety thereon shall be liable in solido with the contractor for all labor and materials used in the said work of improvements and the costs of recording valid privileges up to the amount of the bond, and the cancellation and erasure of the inscription of the said contract, as hereinabove provided, shall not affect the liability of the said surety on the said contract for such labor and materials, as to which labor and material the said surety shall be bound to the same extent as the said contractor, undertaker, master-mechanic, or engineer, or other person undertaking the work." (Emphasis added) *532 Further, we quote § 4814, in part, as follows:
"A. Except as provided in Subsection C of this Section nothing in this Sub-part shall be so construed as to deprive any claimant of his right of action against the surety signing and (sic) [any] bond furnished in connection with any building contract or sub-contract, or against the principal obligor thereunder, which right of action against such obligor and the said surety shall accrue at any time after maturity of the claim of the said claimant. (Emphasis added)
On examination of the Public Works statutes, namely, R.S. 38:2241 et seq., it is found there is similarity between its provisions and those of the Private Works statutes. Particularly noteworthy is that for the failure of the private owner to enter into a written contract, or his failure to record the written contract and bond, and failure to obtain a bond of the contractor, the sanction for such inaction is that the owner is personally liable. Similarly, in the Public Works statutes, the sanction on the public body or governing authority is found in R.S. 38:2244, which, in part, provides:
"* * * Whenever it is found that the surety is not solvent or sufficient to cover the amount of the bond or that the governing authority has failed to exact the bond or record the bond within the time allowed, the governing authority shall be in default and shall be liable to the same extent as the surety would have been. * * *."
Research reveals that as far back as Act 180 of 1894, the legislative intent was that one who contracts with a builder or contractor shall require of the contractor solvent security for the payment of workmen and furnishers of materials. The penalty for failure to follow these mandates was personal liability of the owner. This legislative intent and purpose of the act has been demonstrated in every subsequent act down to our present statute. See: Act 134 of 1906, Act 196 of 1912, Act 221 of 1914, Act 229 and 262 of 1916, Act 139 of 1922, and Act 298 of 1926. Each and every Act enumerated above contains clear, unambiguous language that the owner shall require a bond of the contractor the condition of which shall be the performance of the contract and the payment of all workmen, and furnishers of materials.
Much confusion has been created by the courts of appeal not delineating in earlier cases whether the mandates of the Private Works statutes of recordation of the contract and bond have been met. It should be put to rest, for the security of lienholders within the terms of the statutes, that where the requirements of R.S. 9:4802 have been complied with by the owner, the surety bond is a statutory bond entitled to the same status now accorded a bond furnished under the Public Works Act, R.S. 38:2241 et seq.
Considering the mandatory language of these Private Works statutes, it is resorting to artifical distinction to hold that a bond furnished in compliance with R.S. 9:4801 et seq., is not a statutory bond. Our conclusion is that the bond furnished by American to the owner herein who complied with the mandatory provisions of the applicable law is a statutory bond.
The interpretative precept of reading into the bond that which is lacking for security of those protected by the bond, particularly those provided in R.S. 9:4802 and 4803 and reading out of the bond those provisions not required by the statute, is applicable to a statutory bond furnished under and recorded with the contract between the owner and contractor herein.
For the foregoing reasons, the judgment appealed is reversed and this suit is remanded to the trial court for further proceeding not inconsistent herewith.
Reversed and remanded.