394 So.2d 626 (1980)
Timothy BULLARD et ux.
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Office of Highways.
No. 13641.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Rehearing Denied January 26, 1981.
*627 Raymond Morgan Allen, Lafayette, for defendant-appellee J. B. Talley & Co.
Owen M. Goudelocke & Lawrence A. Durant, Baton Rouge, for defendant-appellant Highway Dept.
Paul H. Spaht, Baton Rouge, for defendants-appellees Howard Needles, Tammen, etc.
Robert A. Hawthrone, Jr., Baton Rouge, for defendant-appellee Barnard & Burke.
Donald T. W. Phelps, Baton Rouge, for defendant-appellee St. Paul Fire.
Roger M. Fritchie, Baton Rouge, for plaintiff-appellee.
Paul Marks, Jr., Baton Rouge, for defendant-appellee Employee's Co.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The State of Louisiana, through the Department of Transportation and Development (DOTD) appeals a summary judgment granted in favor of Employees Commercial Union Insurance Company of America. DOTD was named as a defendant in a wrongful death and survival action filed by Timothy Bullard. Bullard's son, Michael Bullard, was seriously injured on February 23, 1977 when a rotten tree fell and struck his automobile as he was driving along Interstate 10 in West Baton Rouge Parish. After Michael's death, Timothy Bullard filed suit against DOTD and several other defendants, including J. B. Talley & Company, Inc., a construction company who performed work on the section of Interstate 10 in which the rotten tree was located. DOTD made a third party demand against J. B. Talley and against Commercial Union. Commercial Union is the surety on a contractor's bond dated July 28, 1970, written in favor of J. B. Talley. DOTD alleged the bond guaranteed Commercial Union would indemnify DOTD for any loss caused by the negligence of J. B. Talley. The contract between J. B. Talley and DOTD provides as follows:
"The Contractor shall and will provide and furnish all materials, equipment and labor and perform the work required to build, construct and complete in a through (sic) and workmanlike manner, to the satisfaction of the Chief Engineer of the Department of Highways, State project No. 450-07-06 and 450-08-08...."
The accompanying bond provides as follows:
"... J. B. Talley & Company, Inc., as Principal, and the Employers (sic) Commercial Union Insurance Co. of America... as Surety, are held and firmly bound, in solido, unto the Department of Highways and to all subcontractors, workmen, laborers, mechanics, and furnishers of materials and equipment, jointly, in the full sum of SEVEN MILLION EIGHT HUNDRED NINETY-SEVEN THOUSAND THREE HUNDRED SIXTY-SIX AND 78/100 ($7,897,366.78) ....
"... J. B. Talley & Co., Inc. ... shall indemnify and save harmless said Department of Highways against any loss or damage of whatever kind and character *628 arising or occasioned by deeds of negligence of said principal, his agents, servants and employees, in the prosecution of the work, or by reason of improper safeguards or incomplete protection to the work; and shall pay all bills for materials and labor entered into the construction of said work, or used in the course of the performance of the work; then this obligation shall be null and void; otherwise to remain in full force and effect."
Commercial Union filed a motion for summary judgment, asserting the bond was a statutory bond as required by La.R.S. 38:2241, et seq. (The Public Works Act) and therefore any language in the bond not required by statute was meaningless. Finding there was no coverage for tort claims under The Public Works Act and agreeing with Commercial Union's argument that the jurisprudence mandated any additional language be ignored, the trial judge found there was no genuine issue of material fact and issued the summary judgment under La.Code Civ.P. art. 966. Because of the Supreme Court's recent opinion in Construction Materials, Inc. v. American Fidelity Fire Insurance Company, 388 So.2d 365 (La.1980), we find summary judgment is inappropriate in this case.
In Construction the bond in question guaranteed if the contractor defaulted the surety would "pay all bills for materials ... used in the course of the performance of the work." La.R.S. 38:2241 provides the surety shall be responsible for the following:
"... all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for transportation and delivery of such materials or supplies to the site of the job by a for hire carrier, or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works."
The claim in Construction was by a supplier of signs and barricades used during the construction of certain drainage structures. Based upon the jurisprudence in effect at that time, this court reversed the trial court's judgment holding that the language in the bond granting coverage for claims not provided for by statute was superfluous. Construction Materials, Inc. v. American Fidelity Fire Insurance Company, 383 So.2d 1291 (La.App. 1st Cir. 1980). The Supreme Court reversed this court, holding "The Public Works Act does not prohibit a contractor's surety from voluntarily contracting to pay claims to unpaid workmen or suppliers who are unprotected by the act; the act assures each person protected by the contractor's bond his right of action. La. R.S. 28:2247."
Louisiana courts have consistently held that regardless of the language in the bond, only those materials which have been incorporated into the public work are entitled to the protection of La.R.S. 38:2241 and 2242. Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941); Patent Scaffolding Co. v. Ross Corporation, 172 So.2d 364 (La.App. 4th Cir. 1965). Under this jurisprudence the trial judge was justified in concluding the additional language in the bond was not to be given any effect thereby eliminating issues of material fact and entitling the surety to summary judgment as a matter of law. However, in light of the implications of the recent decision in Construction it is our view the language concerning tort liability can be given its full effect. We are bolstered in this belief by basic provisions of our law relating to the sanctity of contracts and to the freedom to enter into contracts with respect to all things not forbidden by law. LSA-Const. Art. 1, § 23: LSA-C.C. art. 1764.
The result attained by us is not without an awareness of the underlying purpose of The Public Works Act. Nor is it without an awareness of possible prejudice to the claims of laborers and materialmen in instances where recovery is allowed from the surety on a tort claim. These considerations were noted by us in Ryder v. Baco Realty Co., 207 So.2d 155 (La.App. 1st Cir. 1968). However, in Ryder, we stated: "An intention to extend the coverage of a contractor's bond beyond those limits [protection of laborers and materialmen] should be *629 expressly stated, and we find no such language in Continental's bond." (p. 157) Ryder dealt with private construction, not with a public work. We do not think this distinction lessens the weight to which contractual considerations are entitled. Here, express language is found in the bond and we must conclude it was knowingly agreed upon for the additional protection of appellant.
We note also the bond in this case obligated the surety for the full amount of the contract price. R.S. 38:2241 requires only fifty percent of the contract price for the faithful performance of the contract "with an additional obligation for the payment by the contractor ... for all work done, labor performed, or material or supplies furnished...." This permitted flexibility in the amount of the bond indicates a variation in risk factors with the premium to be correlated. The amount of the premium undoubtedly controls the extent of the obligations the surety is willing to underwrite. With the premium here based upon one hundred percent of the contract price, it may well be the surety was adequately compensated for the tort liability included in the bond. In any event, it is a matter which addresses itself to commerce and not to our review.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings in accordance with law. Appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.