GARRISON, Judge.
This is an appeal from a judgment of the district court dated December 2, 1983, granting Continental Insurance Company’s exception of no cause of action. From that judgment, which we reverse Story Development Corporation appeals.
Continental issued a performance bond in favor of the mortgage lender, St. Bernard Bank & Trust and Story Development Company. Continental bound itself as surety for C&C Construction Company pursuant to an April 30,1979 contract between Story and C&C. Under the contract, C&C Construction Company was responsible for:
“... curbing, grubbing, excavating, soil base course, subsurface drainage, sanitary sewerage collection system, including house connections, water distribution system, and clearing of site and grading of all lots to produce finish building sites and other work in connection therewith

The Story Park Extension subdivision was built. Pender-Craft Construction Company, as the general housing contractor, built the house at issue. Langlois Foundations, Inc., a sub-contractor poured the foundation. Mr. and Mrs. Richard Hughes bought the house, located at 2804 Legend Drive, Meraux, Louisiana from Pendercraft for $67,400.00 on January 14, 1981. On January 8,1982 the house was inspected by plaintiff’s expert, Joe W. Hughes & Sons Contractors who determined that there existed a crack in the slab which ran from the utility room through the kitchen and the den. On July 27, 1982 plaintiffs filed an action in redhibition alleging that the foundation was cracked. Various actions in recovention and third party demands were filed. In the course of the various claims filed, Story brought a third party demand against C&C Contractors, Inc. and its surety, Continental. Continental responded with the exception of no cause of action. It is alleged that the crack in the foundation is due to improper clearing of the site by C&C Contractors, specifically burying trees.
The surety agreement provided:
“AND NOW, to these presents, intervened:
CONTINENTAL INSURANCE COMPANY, a corporation existing under the laws of the State of New Hampshire and authorized to do and doing business in the State of Louisiana, represented herein by and appearing through its undersigned Agent and
Attorney-in-Fact,_, who declared:
“That it has taken full cognizance of the foregoing contract between OWNER (Story Development Company) and CONTRACTOR (C&C Contractors, Inc.), and hereby consents to the terms and conditions thereof, and binds itself, its successors and assigns, as Surety for said CONTRACTOR in the full sum of THREE HUNDRED SIXTY-THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($363,500.00), in favor of:
STORY DEVELOPMENT CORPORATION, the said OWNER, and ST. BERNARD BANK & TRUST COMPANY, as their respective interests may appear, for *382 the true and faithful performance of the said contract, and the payment of all subcontractors, journeymen, cartmen, truckmen, workmen, laborers, mechanics and furnishers of materials.
“It is expressly understood and agreed that this bond is given in accordance with R.S. 9:4802 et seq., and the said Surety is liable for all obligations thereunder.
“AND, IT IS AGREED AND UNDERSTOOD that surety, in addition to the amount of the foregoing bond, shall be liable for all costs, charges, expenses and attorney’s fees incurred in any concursus or other legal proceedings made necessary by the failure of the CONTRACTOR to comply faithfully with the foregoing contract; said attorney’s fees to be fixed at five (5%) percent on the amount of the foregoing bond.
“The Surety shall not be liable under this bond to the obligees or any of them, unless the said obligees, or any of them, shall make payments to the Principal strictly in accordance with the terms of the said contract as to payments, and shall perform all the other obligations to be performed under said contract at the time and in the manner therein set forth.” (emphasis added).
The contract provides that C&C is responsible for clearing and grading the building sites and the surety agreement provides that Continental binds itself with C&C in favor of Story for “the true and faithful performance of the said contract.”
On appeal, Continental relies primarily on Ryder v. Baco Realty Co., 207 So.2d 155 (App. 1st, 1968), writs refused, 252 La. 102, 209 So.2d 37 (1968) and its progeny. In Ryder, plaintiff was an employee of the general contractor. Plaintiff was injured in the course and scope of his employment, when electricity from a nearby electric line arced, causing him to fall from the building. Plaintiff argued that the building was built too close to the electric lines. Plaintiff sued the building owner, Baco Realty and Baco filed a third-party demand against the contractor, Best Construction Company and its surety, Continental Casualty Company.
In Ryder, the First Circuit stated:
“The issue presented here is simple: Is the surety on a contractor’s bond responsible to the owner for amounts which the owner must pay for personal injuries arising out of the contractor’s negligence in constructing the building?
⅝ ¡⅜ ⅝ ⅜⅜ * sfc
Baco claims that the improper location of the building is a breach of the contract, and that any amounts which he might have to pay in tort for plaintiff’s injuries, since it results from a breach of the contract by Best, renders Continental liable under its contract of suretyship. In support of this contention, the case of Macaluso v. Thibodeaux, 232 La. 431, 94 So.2d 426 (1957) is relied on. In that case, a building which the contractor was renovating suffered certain damage as a consequence of which the building was demolished, without authorization, by the contractor, who sold the materials. The contract was thereby rendered impossible to complete. The Supreme Court found the contractor and his surety liable to plaintiff in damages in the amount of the value of the building, holding the surety on the theory that plaintiff’s loss was directly attributable to the contractor’s failure faithfully to perform his contract.
⅜! ⅝ ⅜ # ⅜ *
In so far as the contractor’s principal obligation under the contract, the “perfect and workmanlike” construction of a building, is concerned, we find that the liability of the surety is coincident with the liability of the contractor, so that, as in the Macaluso case, supra, the owner shall be made whole by either of them in the event of breach of the principal obligation. However, the claim presented here is not the same as that in the Macaluso case.” (At 157) (emphasis added).
*383 The instant case does not involve a personal injury, but, like Macaluso, deals with the principal obligation of the contract between C&C Construction and Story Development.
Continental further argues that the bond should not be extended to cover third parties outside of the parties to the bond and contract. Story, however, who was party to the contract and on whose behalf the surety was executed, is the party bringing demand on the bond. Continental exposes the defect in its case when it states in its brief:
"... (Story) will be liable only if the original plaintiff in the redhibition claim recovers against the party who built and sold the house, who in turn recovers against Story. Story has denied liability, and asserts its claim against the principal and surety on the bond only in the alternative.” p. 12
Should the above chain of liabilities become a reality once trial is had, then it appears that Story, in whose favor the bond was made, should be able to recover against its own bond. Story’s defense to other parties may not be used by Continental as its shield from Story, as that is the whole point of pleading in the alternative.
Counsel for Story further argues that it is entitled to attorney’s fees under the bond. The provision dealing with attorney’s fees is predicated upon “... the failure of the CONTRACTOR to comply faithfully with the foregoing contract.” At this point in time, no trial has been had, no testimony has been presented, and no evidence has been adduced such that no lack of “faithful compliance” has been proven. If trial should result in such a finding, however, then it is clear that Story is entitled to attorney’s fees as fixed in the contract.
For the reasons discussed, the judgment of the district court is reversed and the ease is remanded for further proceedings.
REVERSED AND REMANDED.'