# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-47

2 S SIGN COMPANY, INC.

VERSUS

KEVIN KELLER AND
SUNSET SOLUTIONS, LLC

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## CITY COURT OF PINEVILLE
## NO. 9-0587
## HONORABLE J. PHILLIP TERRELL, JUDGE

**\*\*\*\*\*\*\*\*\*\***

## J. DAVID PAINTER
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**REVERSED AND RENDERED.**

Howell D. Jones, IV
P.O. Box 14558
Alexandria, LA 71315
COUNSEL FOR PLAINTIFF-APPELLEE:
    2 S Sign Company, Inc.

B. Gene Taylor
P.O. Box 6118
Alexandria, LA 71307
COUNSEL FOR DEFENDANT-APPELLANT:
    Kevin Keller

**PAINTER, Judge.**

Defendant, Kevin Keller (Keller), appeals the judgment rendered against him on the petition for open account filed by Plaintiff, 2 S Sign Company, Inc. (2 S Sign). Finding that Keller has no personal liability for any debt of Sunset Solutions, LLC (Sunset), that might be owed to Plaintiff, we reverse the trial court's judgment against Keller and render judgment dismissing Plaintiff's suit against Keller in its entirety and with prejudice.

## FACTS AND PROCEDURAL HISTORY

2 S Sign filed a petition on open account against Keller and Sunset seeking to recover $19,900.52 allegedly owed to it for custom advertising signs constructed by it. Sunset is a limited liability company owned by Johnathan S. Grimmett. Keller was employed by Sunset, and he was neither a member of nor an officer of the LLC. There was no written contract for the construction of the signs. Negotiations were handled by Keller on behalf of Sunset. It is undisputed that Keller had authority and consent to act on behalf of Sunset for the construction of these signs and that Keller had authority to write checks on Sunset's account to pay Sunset's bills.

Following a trial on the merits, the trial court rendered judgment in favor of 2 S Sign against Keller, individually, and Sunset in the full amount claimed by 2 S Sign with interest from the date of demand. Keller and Sunset were also cast with all costs of the proceedings. Sunset did not participate in the trial, and Grimmett appeared in proper person.

Keller now appeals that judgment alleging that the trial court erred in holding him personally liable for Sunset's debt because there was no written or oral agreement by Keller to act as Sunset's guarantor and because he neither exceeded his authority nor defrauded Sunset in connection with his dealings with 2

S Sign. Keller also asserts that the trial court erred in allowing 2 S Sign to proceed on a theory of fraud when such allegations were never pled with particularity. Finally, Keller argues that the trial court erred in awarding the full amount sued upon when 2 S Sign judicially confessed and even asked for an offset for funds received in settlement in the amount of $7,086.34. Sunset did not appeal the judgment, and 2 S Sign has not filed a brief in this court.

## DISCUSSION

Neither the trial court's written reasons for ruling nor its judgment discloses the theory upon which it found Keller personally responsible for the debt of Sunset to 2 S Sign.

The applicable standard of review in this case is the manifest error standard. In *Brewer v. J.B. Hunt Transp., Inc*., 09-1428, pp. 12-13 (La. 3/16/10), 35 So.3d 230, 239-40, the Louisiana Supreme Court stated:

> To reverse a factfinder's determination under this standard of review, an appellate court must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record establishes the finding is clearly wrong. *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). Ultimately, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Id*. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id*. at 882-883.

> Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Id*. at 883. However, where documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit the witness's story, a reviewing court may well find manifest error. *Rosell v. ESCO*, 549 So.2d 840, 844-845 (La.1989). Where such factors are not present, however, and a factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. *Id*. This is not to say, however, that

2

factual determinations cannot ever, or hardly ever, be upset. *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, p. 8 (La.7/5/94), 639 So.2d 216, 221. Although deference to the factfinder should be accorded, because appellate courts have a constitutional duty to review both law and facts, they have the right and the obligation to determine whether a trial court verdict is clearly wrong based on the evidence, or clearly without evidentiary support. *Id.*

In this case, based on the evidence and the testimony of the witnesses, we find that the trial court's finding personal liability by Keller was clearly without evidentiary support. First, La.Civ.Code art. 3038 provides that "[s]uretyship must be express and in writing." It is undisputed that there is no written contract for the construction of the signs and that there is no other writing wherein Keller purports to express an intent to be bound personally for the obligations of Sunset. Moreover, Michelle Stacy, the owner and operator of 2 S Sign, testified that she handles the day to day operations of 2 S Sign and that she was well aware that the contract at issue was with Sunset and that Keller never provided anything in writing to her or made any verbal representation that he guaranteed payment on behalf of Sunset. Her testimony further acknowledged that any checks she received from Keller were checks drawn on Sunset's account not Keller's personal account. In fact, her testimony was that she merely inferred that Keller would pay if Sunset did not. The trial court clearly ignored the law that "suretyship must be express and in writing" and the jurisprudence that "[s]uretyship cannot be established by inference." *Jimco, Inc. v. Gentilly Terrace Apartments, Inc.*, 230 So.2d 281, 284 (La.App. 4 Cir. 1970).

We further find that if the trial court found Keller personally liable on a theory that Keller exceeded his authority as Sunset's agent in his dealings with 2 S Sign, this was also manifestly erroneous. Louisiana Civil Code Article 3016 provides that "[a] mandatory who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the

contract." Again, 2 S Sign was fully aware that the contract at issue was with Sunset. Although Grimmett executed an affidavit stating that Keller began "to usurp" his authority and contract for jobs without his knowledge and consent, his testimony at trial clearly contradicted this. In fact, Grimmett's trial testimony established that he gave Keller permission to enter into a contract with 2 S Sign and that Keller had authority to write checks to pay Sunset's bills. Grimmett clearly testified that he did not recall executing the affidavit and that Keller "had the authority and control."

2 S Sign never specifically pled fraud, but advanced an argument at trial that Keller defrauded Sunset. However, there was no evidence or testimony presented to prove fraud. Quite to the contrary, Grimmett's testimony clearly established that as far as he knew, Keller acted properly in contracting with 2 S Sign on behalf of Sunset. His testimony clearly established that Keller had the authority and consent of Sunset to contract with 2 S Sign. Therefore, if the trial court's judgment was premised on a finding of fraud, this was clear error.

2 S Sign also advanced the theory that piercing the corporate veil was proper in this instance to find Keller personally liable for the debt at issue. However, ""piercing the corporate veil applies to shareholder, directors, and officer, not employees."" *Winn Fuel Service, Inc. v. Booth*, 45, 207, p. 7 (La.App. 2 Cir. 4/14/10), 34 So.3d 515, 519. There is no dispute that Keller was merely an employee of Sunset. Thus, if the trial court's judgment finding Keller personally liable under the theory of piercing the corporate veil, it is clearly wrong.

Because we have found no basis for imposing personal liability for Sunset's debt on Keller, we need not consider Keller's arguments that the trial court erred in allowing 2 S Sign to proceed on the theory of fraud at trial and that the trial court

4

erred in failing to offset the judgment by the amount of settlement funds received by 2 S Sign.

## DECREE

Finding absolutely no factual or evidentiary support for the trial court's finding of personal liability on the part of Keller, we reverse the trial court's judgment against Keller and render judgment dismissing Plaintiff's suit against Keller in its entirety and with prejudice. All costs of this appeal are assessed to Plaintiff-Appellee, 2 S Sign Company, Inc .

**REVERSED AND RENDERED.**