No.——
First Circuit Appeal.

INTERSTATE WHOLESALE GROCER CO., INC., v. C. W. PRUTSMAN

(Feb. 18, 1925, Opinion and Decree)
(May 5, 1925, Rehearing Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bonds—Par. 1, 3, 8.
In construing a statutory bond the statutes must be read into the bond and the super added stipulations must be disregarded.

2. Louisiana Digest—Bonds—Par. 8. 11.
The bondsmen cannot be held liable for items of account such as tomatoes, soap, onions, potatoes, flour, oats, Budweiser beer, vanilla wafers, etc., on a bond written in compliance with Section 2 of Act No. 224 of 1918, which provides for bond to be given by the road contractor for the "faithful performance of the contract" and with the additional obligation "for the payment by the contractor and by all sub-contractors for all work done, labor performed, or material furnished in the constrution, erection, alteration or repair of such building, road, work or improvements".

3. Louisiana Digest—Laws—Par. 67, 68, 76.
The word "materials" used in an Act of the Legislature means "everything of which anything is made", and the meaning of "materials furnished in constrution" used in a statute cannot be enlarged.

Appeal from the Parish of Washington, Hon. Prentiss B. Carter, Judge.

This is a suit against the contractor, the sub-contractor, the police jury, the highway department, and the bonding company for groceries furnished the sub-contractor while working on a road.

There was judgment for the plaintiff. Defendant appealed, judgment reversed as to C. W. Prutsman, the contractor, and the bonding company.

Bascom D. Talley, of Bogalusa, attorney for plaintiff, appellant.

Ott and Johnson, of Bogalusa, attorneys for defendant, appellee.

MOUTON, J. C. W. Prutsman, Jan. 7, 1920, entered into contract with the Police Jury of Washington Parish and the Highway Department of this State, to build a section of public road, between the Town of Franklinton and Pearl River. The United States Fidelity & Guaranty Company became the surety on the contract.

Part of the contract for the construction of the road was sublet by Prutsman to W. H. Thomas. Plaintiff alleges that he furnished in 1920, 1921, supplies for the teams, laborers, etc., to Thomas, the subcontractor, and brought this suit against the police jury, the Highway Department, Prutsman and Thomas, for a balance of account amounting to eleven hundred, seventy-six 90/100 dollars.

Relief is sought here against Prutsman and the U. S. Fidelity & Guaranty Company on the contract and bond, the other defendants having dropped out of the case. The lower court rendered judgment for the amount claimed, except attorney's fees asked for penalty.

Defendants appealed.

The bnod was furnished by Prutsman, the contract, under provisions of Act No. 224, 1918. This statute in Sec. 2, requires that the contractor shall furnish a bond to guarantee the faithful performance of his contract, "and with an additional obligation for the payment by the contractor and by all sub-contractors for all work done, labor performed, or material furnished in the construction, erection, alteration or repair of such building, road, work or improvements, etc." The claim is for supplies furnished for teams and laborers. The account sued upon is for such items as tomatoes, soap, onions, potatoes, flour, oats, Budweiser beer, vanilla wafers, etc. The words of the statute are that the bond shall be furnished to secure the payment of "material furnished in the construction, erection, alteration or repair of such road, etc.," this being the matter with which we are concerned in the instant case.

Materials are defined as "everything of which anything is made." Bovier, vol. 11, p. 122. As usually employed in law this word signifies things furnished to a workman or artisan to be used in his work. It is in this sense that this word is employed in section 2, of said act, when it says for "material furnished in the construction" of such building or road. Section 5, in referring to a concensus provided for in the act between the state, parish or public bodies and other claimants, says in reference to these claimants: "Who have done work, performed labor or furnished material used in said work, the latter shall be paid in preference, etc." The language "material used in said work", makes clear what the Legislature had in view in enacting this statute. Since the enactment of this law, the Legislature has enacted another statute, this is, Act 203, of 1924. The latter statute gives the right of recovery to any person or firm for feed for use by mules or other livestock employed by a contractor or sub-contractor in the construction, erection, alteration or repair of any public roads, etc. Section 3 of that act gives the same right as those accorded to those "furnishing any material in the constrution, erection, alteration or repair of any public building, public road, etc." Obviously, the Legislature enacted the later statute to afford relief for the furnishers of supplies in the way of feed for animals used in the prosecution of some public work. This last statute makes it very evident that the Legislature never intended under the provisions of the prior Act, No. 224, 1918, that feed for teams herein sued for, or the other articles furnished as shown by the account hereinabove referred to, should be recoverable as "material" under that statute. Plaintiff contends

that under the terms or wording of the contract and the bond the word "supplies" such as are here sued for, are included. This contract and bond are statutory, and of this there can be no question. In construing a statutory bond, it is well settled, that "the statute must be read into the bond, and super added stipulations must be disregarded". Davis et al. vs. West Louisiana Bank et al., 155 La. 245, 252, 99 South. 207. If the word "supplies" is used in the bond, it must, under the rule above given, be read out of the bond so as to make it conform to the requirements of Act 224 of 1918, under which it was furnished and the same rule applies to the contract. In speaking about what is recoverable against the contractor and the bonding company, counsel for plaintiff says, quoting: If it is necessary to furnish laborers with dice, to hold them on the job, then, the dice are covered. If it is necessary to furnish negroes with playing cards to hold them on the job and keep them satisfied, then they are covered". If the other articles carried on the account are recoverable, counsel is correct in maintaining that the dice and cards furnished the laborers would also be covered by the contract and bond. Following such a construction, it might be added that the contractor and bond company would be equally responsible for clothing furnished the laborers to keep them warm, and for music vouchsafed to them to while away their lonely hours. Such a construction of the obligations incurred by the defendants would carry the reasoning of plaintiff to its ultimate logical analysis. We can not accede to such a proposition.

Counsel for plaintiff refers us to Sec. 6725, U. S. Comp. Statutes which require contractors to furnish bond to secure payment to all persons, "supplying them with labor and materials in the prosecution of the work provided in such contract". Counsel says the Federal Courts have given a liberal interpretation to bonds furnished under contracts of that character and have allowed creditors to recover therein not only for freight charges in transporting materials, but also for provisions used by the contractor in feeding his employees. It will be noted that the section of the United States statutes above referred to reads: "labor and materials in the prosecution of the work" while our statute in Sec. 2 of Act of 1918, says: "material in the construction, etc.", and in Sec. 5, "material used in said work". As before remarked if there can be any doubt as to what was the intention of the Legislature in framing that statute, it was made clear by the subsequent Act No. 203, 1924, wherein relief was extended to creditors against contractors and sub-contractors for such articles as feed for the use of mules or other livestock employed in the construction of any public road or work. The obligations of contractors and their bondsmen in contracts of the character herein involved are statutory, and their responsibility to third party must be measured by the statute under which their contracts and bonds are furnished. Courts have no power to wander outside of the limits assigned by such statutes on the pretense of affording relief to claims seemingly grounded on principles of natural reason and equity. The law being clear on the subject an appeal to reason and equity can not avail. The articles furnished to the sub-contractor are not "materials" in the sense used in Act 224 of 1918, sued upon, and for which the contractor and guaranty company are not liable.

It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and reversed; it is further ordered and decreed that the demand of the plaintiff be rejected at its cost in both courts.