THOMPSON, J.
 

 This is an appeal by the plaintiff from a judgment which dismissed his suit on an exception of want of jurisdiction ratione materias and ratione person® filed by the defendant Gano, who is a resident of the city of New Orleans, and the United -States Fidelity & Guaranty Company domiciled at Baltimore, Md., and having an agent in this state residing also in said city of New Orleans.
 

 The defendant Gano on August 16, 1919, entered into a written contract with the police jury of Concordia parish and the state highway commission to build a division of the state highway system of public roads from Yidalia to Tensas river.
 

 The contract and the bond of the contract- or with the aforementioned company as surety were duly recorded in the parish where the work was to be done.
 

 The contractor, Gano, employed the plaintiff to execute certain work on said highway which is fully set out in the petition.
 

 The road was completed and was accepted by the police jury and the state highway department, though no written acceptance was ever placed of record.
 

 The plaintiff filed with the police jury and with the highway department. and caused to be recorded in the mortgage office of Concordia parish a sworn statement of the work he had performed and the amount due him; the said filing and recordation being made prior to the acceptance of the road by the public authorities.
 

 The contractor having failed to pay the plaintiff after due demand, and there being other claims of workmen recorded against the contractor, this suit was filed in the district court of 'Concordia parish.
 

 The prayer is that the police jury, the state highway commission, Gano, the con
 
 *639
 
 tractor, the surety company, and two workmen, who had not been paid, and who had recorded claims against the contractor, be duly cited and required to assert whatever claims they may have against said Gano and the surety company, to the end that all claims may be tried in concursus, and finally that plaintiff ¡have judgment against the said Gano and said surety company for $2,-619.05, with legal interest from October 1, 1921, and 10 per cent, attorney fees. •
 

 The proceeding is- instituted under Act No. 224 of 1918.
 

 That act provides that when public buildings, public roads, or public work of any character are about to be constructed under contract in excess of $500 at the expense of the state, or any parish, city, town, etc., it shall be the duty of the official representative to reduce said contract to writing and to require of the contractor a bond in the sum not less than 50 per cent, of the contract price for the faithful performance of the work and with the additional obligation for the payment by the contractor for all work done, labor performed, or materials furnished in the construction of the work contracted for.
 

 The act further provides that any person to whom any money shall be due for work done, labor performed, or materials furnished, may file with the authority having the work done and record in the mortgage office, at any time after the maturity of his claim, a sworn statement of the amount due him.
 

 It is further provided that any person to whom any money shall be due for work done shall, within 45 days after the acceptance of said work by the public authorities having such work done, or within 45 days after the default of the contractor, file with the said authority a sworn statement of the amount due him and_reeord a sworn statement thereof in the mortgage office. It is provided that the said 45 days shall not begin to run until the said authorities shall record in the mortgage office an acceptance of the work, or notice of the default of the contractor.
 

 It is further provided that, if at the expiration of said 45 days there are recorded claims filed with the said authorities and recorded in the mortgage office unpaid, the said authorities shall file a petition in the proper court where the work was done, citing such claimant and contractor and surety on the bond, and the said authorities shall assert whatever claims they have against any and all of them, and to require the said claimants to assert whatever claims they have against any and all of them, and all of-said claims shall be tried in concursus.
 

 It is further provided that, if the authorities do not file such a concursus proceeding, then any person having a claim for work done, labor performed, or materials furnished, may do so.
 

 It may be conceded, in fact, we believe it is conceded, that, if the plaintiff is entitled to proceed under the act referred to in the Concordia court, and if the allegations of his petition bring him within the terms of said act, then the court of Concordia parish was .competent to render a personal judgment against the contractor and his surety, notwithstanding the fact that the domicile of the contractor and his surety was without the territorial and jurisdictional limits of said court.
 

 The exception to the jurisdiction ratione materise is predicated upon the contention that the proceeding is not one in concursus, because there is no money on deposit to be distributed among the creditors and no fund or property under seizure on which the rights of the creditors are to be adjudicated and regulated.
 

 Counsel, cite numerous authorities going to show that a' concursus is in the nature of a proceeding in rem and can only take place where there is property or money in pos
 
 *641
 
 session of the court, or brought under its control by appropriate process.
 

 Ordinarily, this is true, and no fault can be found with the authorities so holding under the peculiar issues and circumstances involved in the cases cited.
 

 But the proceeding here under consideration does not fall within the rule laid down in the authorities cited.
 

 It is a special remedy afforded a certain class of creditors for the concurrent enforcement of their' claims and to regulate their rights as between themselves and against a contractor doing public work, and the surety on his bond.
 

 It is a statutory eoncursus authorized to be instituted under certain conditions by the public authorities letting the contract for the public work, or by any person having a properly recorded claim against the contractor who performed the work or caused the same to be done, in the event the authorities failed or neglected to exercise the right.
 

 The bond furnished by the contractor for the benefit of the authorities having the work done and for the benefit of claimants against the contractor represents the fund upon and against which the rights of the creditors of the particular work are to be regulated and enforced.
 

 The authority of the Legislature to authorize such a proceeding and to determine the jurisdiction in which such a proceeding may be instituted is not questioned.
 

 In the case of Sehroeder v. Nicholson, 2 La. 350, it was said:
 

 “The .suit in concurso is a remedy provided by state laws, to enable creditors to enforce their claims against a debtor. Its constitutionality, so 'far as it affects creditors, citizens of this state, cannot be questioned.
 

 “This has been settled by the highest authority.”
 

 And 12 Corpus Juris, p. 396, defines “concurso” as meaning, in civil- law, the litigation or opportunity of litigation between various creditors, each claiming, it may be, adversely to one another, to share in a fund or an estate; the object being to assemble in one accounting all the claimants on the fund.
 

 And in the same volume and on the same page “eoncursus” as used in the civil law is defined as meaning:
 

 “A running together; a collision, as concursus creditorum, a conflict among creditors; a concurrence, or meeting, _ as eoncursus actionum, concurrence of actions.”
 

 That the proceeding thus authorized is in the nature of a eoncursus we have no doubt. The act by its very terms defines the proceeding as a eoncursus proceeding, for in section
 
 4
 
 it declares: “And all of said claims shall be tried in eoncursus.”
 

 In the case of Mahoney v. Highway Commission, 97 So. 583, 154 La. 387, this court said:
 

 “When there are claims against the indebtedness, a eoncursus must be provoked, to the end that the claims of all may be adjusted, and the rights of the various claimants, as against each other, and as against all concerned, may be determined.”
 

 And in the same opinion the court further said:'
 

 “As plaintiff’s demand against those having claims against the indebtedness is dependent on the demand against the Louisiana highway commission, the demand against those having such claims falls with the demand against the commission. Even if the former demand did not fall with the latter, still plaintiff would have no right to force those having such claims to litigate their rights with him and among themselves, in the receivership, in the civil district court of the parish of Orleans. This is so because the only court in which they may be forced to litigate those rights is in the district court for the parish of Pointe Coupee, the parish in which the road was constructed, and even then only in the manner prescribed by the statute, which, as we have held, is in a proceeding by eoncursus.
 

 “No court of this state, other than the one having jurisdiction in respect to the amount involved, in the parish in which the road was constructed, has jurisdiction in the eoncursus proceeding, contemplated by the statute.”
 

 
 *643
 
 It is true in that ease it was the receiver of the contractor who brought suit against the highway commission for an indebtedness due the contractor, and the suit was dismissed on an exception of no cause of action, but the expressions of the court which we have quoted relating to the jurisdiction of the court and the nature of the proceeding authorized by the act as being one in concursus are equally pertinent and applicable to the case we have here.
 

 The very purpose of the act was to provide a special, speedy, and summary remedy to enable the authorities letting the work, or, on their default, any creditor of the contractor, to bring all parties concerned and having an interest together before one court and in one proceeding, to the end that their respective rights as between themselves and as against the contractor and his surety might be recognized and adjusted.
 

 No better and more convenient forum for this purpose could have been designated than the competent court of the parish where the work was done, where the contract and bond is required to be recorded, and where the claims are required to be registered.
 

 If the contention of defendants’ counsel were adopted, then the purpose of the act would be defeated, and all suits would have to be brought at the domicile of the contract- or, in which case there would be as many separate suits as there were creditors.
 

 And, moreover, such a construction as contended for would afford the more energetic creditor the opportunity of collecting his claim and, perhaps, exhaust the liability o'f the surety to the injury of all other claimants.
 

 It would destroy the right of all creditors to share ratably and in proportion to the amount of their claims in the common fund, the obligation of the surety on the contract- or’s bond,, and would open the door to fraud and unfair and undue preferences.
 

 It does not appear from the petition whether the contractor had been paid in full when this suit was filed; but, if that were true, it would not affect the plaintiff’s right to proceed under the statute to form a coneursus.
 

 The plaintiff had filed his claim in the manner as directed by the statute before the contractor had been settled with, if such settlement had in fact been made, and before the work- had been accepted by the authorities.
 

 Other claims had been recorded against the contractor.
 

 The acceptance of the work and the payment to the contractor in full could not defeat the plaintiff’s right to bring the concursus proceeding authorized by the statute, since his right to do so only arose after the acceptance of the work and after the authorities had failed to proceed as directed by the statute.
 

 Nor does the failure of plaintiff to ask for judgment against the authorities having the work done affect his right to judgment against the contractor and the surety.
 

 Our conclusion is that the plaintiff’s suit is well within the provisions of Act 224 of 1918, and was properly instituted in the district court of Concordia parish where the work was done, and the exception to the jurisdiction of that court was improperly sustained.
 

 The judgment appealed from is set aside, the exception to the jurisdiction is overruled, and the case is remanded to the district court to be proceeded with according to law.
 

 The defendants to pay the cost of this appeal.