172 So.2d 364 (1965)
The PATENT SCAFFOLDING CO., Inc.
v.
The ROSS CORPORATION et al.
No. 1693.
Court of Appeal of Louisiana, Fourth Circuit.
February 8, 1965.
Rehearing Denied March 8, 1965.
Curtis, Foster, Dillon & Huppenbauer, E. E. Huppenbauer, Jr., New Orleans, for plaintiff-appellant.
*365 King F. Nungesser, Jr., Flettrich, Ritter, Hurndon & Hennesy, Joseph Hurndon, New Orleans, for defendant-appellees.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
Plaintiff, The Patent Scaffolding Co., Inc., instituted this suit against The Ross Corporation and Trinity Universal Insurance Company, surety of The Ross Corporation, to recover $2,982.23 for rental and equipment not returned pursuant to certain rental agreements.
On February 28, 1962, defendant, The Ross Corporation, entered into a contract with the Greater Baton Rouge Consolidated Sewerage District for the construction of a sewerage treatment plant. Trinity Universal Insurance Company executed a performance bond guaranteeing the performance of the above contract. The bond, in part, reads:
"NOW, THEREFORE, if said Contractor shall well and truly in good, sufficient and workmanlike manner, and to the satisfaction of the District, perform and complete the work required and shall pay all costs, charges, rentals and expenses for labor, material, supplies and equipment, and deliver the said improvement to the District complete and ready for occupancy or operation, and free from all liens, encumbrances or claims for labor, material or otherwise; and shall pay all other expenses lawfully chargeable to the District by reason of any default or neglect of the said Contractor in the relation of said agreement and said work, then this obligation shall be void, otherwise to remain in full force and effect.
* * * * * *
"PROVIDED FURTHER, that if the Contractor, or his, their, or its sub-contractors fail to duly pay for any labor, materials, team hire, sustenance, provisions, provender or any other supplies or materials used or consumed or for any materials or supplies furnished for use by such Contractor, or his, their or its sub-contractors in performance of the work contracted to be done, the Surety will pay the same in any amount not exceeding the sum specified in the bond, together with interest and attorney's fees as provided by law.
"PROVIDED FURTHER, that, notwithstanding anything in the law or jurisprudence of the State of Louisiana to the contrary, in addition to the statutory liability of the Principal and Surety under this bond, the said Surety shall be liable for the full amount of this bond insofar as the same may be necessary to protect the District from loss and expense and to insure the performance of the Contract by said Principal and the delivery of the work to be performed free from any claims or liens, the total liability hereunder of the Surety, however, not to exceed in principal the amount of this bond."
The bond, which is a public works bond, was given pursuant to LSA-R.S. 38:2241:
"Whenever the state or any state board or agency or any political subdivision of the state enters into a contract in excess of one thousand dollars for the construction, alteration, or repair of any public works, the official representative of the governing authority shall reduce the contract to writing and have it signed by the parties. He shall require of the contractor a bond, with good, solvent, and sufficient surety in a sum not less than fifty percent of the contract price for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for *366 furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works. No modifications, omissions, additions in or to the terms of the contract, in the plans or specifications or in the manner and mode of payment shall in any manner affect the obligation of the surety. The bond shall be executed by the contractor with surety or sureties approved by the officials representing the state, state board or agency, or political subdivision and shall be recorded with the contract in the office of the recorder of mortgages in the parish where the work is to be done not later than thirty days after the work has begun"
and LSA-R.S. 38:2242:
"Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or furnishing materials and supplies for use in machines used in the construction, alteration, or repair of any public works, excluding persons to whom money is due for the lease or rental of movable property, may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done. After the filing and recordation of claims, any payments made by the governing authority without deducting the amount of the claims so served on it shall make the authority liable for the amount of the claims. As amended Acts 1960, No. 59, § 1."
During the course of construction of the sewerage plant the plaintiff leased to The Ross Corporation shores, braces, sprockets and other materials which The Ross Corporation used in their work. The price of the rental was never paid by The Ross Corporation and some items were not returned. The amount of rental owed and value of the goods not returned totaled $2,982.23. Since The Ross Corporation would not pay the amount due, demand was made on the surety, Trinity Universal Insurance Company, under the bond. Trinity Universal Insurance Company denied liability, therefore this action ensued.
Trinity Universal Insurance Company filed an exception of no cause of action based on the proposition that rental of moveable equipment is not a lienable item under the law and jurisprudence of Louisiana. This exception was overruled but reurged after a trial on the merits. The trial court entered judgment for plaintiff against The Ross Corporation but maintained the exception of no cause of action of Trinity Universal Insurance Company dismissing the suit against Trinity. Plaintiff appeals from this judgment.
It is a well established rule of law that when a statutory bond is given it can neither enlarge nor diminish the conditions required by the statute and that whatever is written into the bond not required by the statute must be read out of the bond. Long Bell Lumber Co. v. S. D. Carr Const. Co., 172 La. 182, 133 So. 438 (1931); Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941) and Martinolich v. Albert, 143 So.2d 745 (La.App. 1962). It is also well settled that unless the items which compose the plaintiff's claim form a component part of the completed structure or are consumed in the work, they are not lienable nor are they covered by the contractor's bond given under the provisions of LSA-R.S. 38:2241. Under this rule it has been held that the price due from rental of equipment is not covered by a bond given in accordance with LSA-R.S. 38:2241. Martinolich v. Albert, 143 So.2d 745 (La.App. 1962) and cases cited therein. Furthermore, LSA-R.S. 38:2242 was specifically *367 amended in 1960 to exclude money due for the lease or rental of movable property as a lienable item under the statute. Thus it would seem that under the law of this state, even though an additional stipulation to cover the rental of equipment is included in a statutory bond, it must be read out and the coverage of the bond must be limited to the requirement of the statute.
Plaintiff concedes that the above is the jurisprudence of this state but contends that the additional stipulation in the bond is a conventional obligation granting it a direct action against the surety and thus a stipulation pour autrui in its favor under LSA-C.C. art. 1890. Plaintiff contends that the surety has undertaken a conventional obligation in addition to the statutory liability imposed on it and is not prevented from doing so by the public policy of this state.
The argument of plaintiff is predicated on DeFrances Marble and Tile Company v. Coxe, 148 So.2d 83 (La.App.1962) cert. denied, 214 La. 114, 150 So.2d 583 (1963). It contends DeFrances amended the doctrine that a bond given under a statute can neither enlarge nor diminish the conditions required by the statute. In DeFrances the bond was issued under LSA-R.S. 9:4801 et seq., the private works statute, which requires suit against the surety to be brought in one year. The bond allowed suit to be brought for a period of two years. The Court stated: "* * * There is no public policy which prohibits the surety company from voluntarily contracting to pay claims of unpaid workmen or furnishers of supplies more than one year or as in this case specifically within two years from the date of the furnishing of such material or performance of work. * * *" Suit was then allowed although not brought in the one year period of time.
The rationale of the DeFrances case does not have application to this case for the simple reason that this case involves a bond on a public work not on a private work. A bond on a private work is not a statutory bond in the sense that a bond on a public work is statutory for there is no mandatory requirement that one be furnished. This distinction was recognized in the De-Frances case. Since this is a mandatory statutory bond its provisions can not be enlarged as was done conventionally in a conventional bond in the DeFrances case.
Therefore, we conclude that even though the bond in this case covers rentals this stipulation must be read out, for the bond is given pursuant to the public works statute which does not provide for recovery of rental of equipment.
For the foregoing reasons, the judgment appealed from is affirmed at the appellant's cost.
Affirmed.