CHASEZ, Judge.
In August of 1959 Pittman Construction Company, Inc. entered into a contract with the Orleans Parish School Board for the purpose of constructing a school building. The building was completed and accepted by the School Board in September of 1960.
Trinity Universal Insurance Company (Trinity), appellee, was the surety on the contract between Pittman and the School Board.
The School Board alleged in its petition that on or about September 1, 1968 cracks in some structural members were noticed and as a result an engineering study was undertaken to determine whether or not the building was structurally sound. Based on the findings of this study, suit was brought by the School Board on August 1, 1969 against the contractor, Pittman, and his surety, Trinity, and various other parties including the sub-contractors. The suit was filed within one year after the cracks were first noticed.
Trinity, as Surety, filed an exception of prescription founded on LSA-R.S. 38:2189 which provides for a three year prescriptive period for action against a surety on a public contract.
The exception was maintained, the suit against Trinity was dismissed and the School Board appealed.
Act number 15 of 1962 upon which LSA-R.S. 38:2189 is based reads as follows:
“Section 1. Any action against the contractor on the contract or on the bond or against the contractor and/or the surety on the bond furnished by the contractor, all in connection with the construction, alteration or repair of any public works let by the state or any of its agencies, boards or sub-divisions shall prescribe three years from the registry of acceptance of such work or of notice of default by the contractor unless otherwise limited in this said chapter.
“Section 2. All laws or parts of laws in conflict herewith are hereby repealed.”
The building of a public school by a School Board, a subdivision of the State, clearly falls within the Public Works Act and the contract must comply with its provisions.
LSA-R.S. 38:2216 provides:
“ * * * [A]ny contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.”
It is well settled that bonds furnished for public contracts are statutory bonds and the Court is required to look to the statute to find conditions of the bond, and whatever is written into the bond which is not required by the statute must be read out of the bond, and whatever is not expressed in it which ought to have been incorporated into the bond must be read into it. LSA-R.S. 38:2241; Jimco, Inc. v. Gentilly Terrace Apartments, Inc., La.App., 230 So.2d 281 (4th Cir. 1970); Patent Scaffolding Co. v. Ross Corporation, La. App., 172 So.2d 364 (4th Cir. 1965). Inevitably then the three year prescriptive period provided in LSA-R.S. 38:2189 must be read into the bond and must be applied.
The only other question is whether the provisions of 38:2189 are retroactive since the contract was completed and accepted in 1960 and the statute was reenacted into the Public Works Act in 1962.
A consideration of the jurisprudence of this State leaves no doubt that a statute which sets out a prescriptive period is remedial legislation and is to be applied retrospectively unless it is specifically provided otherwise. General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 (1953); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943); Succession of Harz, La.App., 181 So.2d 272 (4th Cir. 1965).
*643 Even under the doctrine of “proportionate prescription” wherein, upon the substitution of a new term of prescription, the time which elapsed under the former law will be carried in the ratio that it bears to the whole period, and the time of the new law will be computed on the basis of the ratio that the unexpired term of the old law bears to the whole time, United States v. Nebo Oil Co., 90 F.Supp. 73, (W.D.La.1950) and the many Louisiana authorities cited therein, plaintiff’s suit still comes too late. Giving it the full benefit of the three year prescriptive period from the time of the enactment of the amendment in 1962, any claim which the School Board had was barred in 1965. Suit was not filed until August 1, 1969, four years too late.
We conclude that plaintiff’s claim against the surety has prescribed and the judgment of the lower Court is correct.
For the foregoing reasons the judgment in favor of defendant, Trinity Universal Insurance Co., maintaining its exception of prescription and dismissing the suit filed by plaintiff, Orleans Parish School Board, at its cost and with prejudice is affirmed. Costs of appeal assessed to plaintiff-appellant.
Affirmed.