388 So.2d 365 (1980)
CONSTRUCTION MATERIALS, INC.
v.
AMERICAN FIDELITY FIRE INSURANCE COMPANY.
No. 67151.
Supreme Court of Louisiana.
September 3, 1980.
Rehearing Denied October 6, 1980.
*366 Andre C. Broussard, Hebert, Moss & Broussard, Baton Rouge, for plaintiff-applicant.
Paul H. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendants-respondents.
DENNIS, Justice.
The issue in this case is whether the Public Works Act, La.R.S. 38:2241 et seq., prohibits a surety company from obligating itself on a contractor's performance and payment bond to pay claims not covered under the act. The court of appeal reversed the trial court's judgment for the plaintiff material and equipment supplier, Construction Materials, Inc., against the defendant contractor and its surety, holding that "a public works bond can be neither broader nor narrower than the law which provides for it." 383 So.2d 1291, 1293-94 (La.App. 1st Cir. 1980). We reverse and reinstate the district court judgment. The Public Works Act does not prohibit a contractor's surety from voluntarily contracting to pay claims to unpaid workmen or suppliers who are unprotected by the act; the act assures each person protected by the contractor's bond of his right of action. La.R.S. 38:2247.
Construction Materials, Inc. sold Gatlin Construction Company, a highway contractor, signs, barricades and component parts which were used but not consumed or incorporated in a public works project. In Slagle-Johnson Lumber Co. v. Landis Construction Co., 379 So.2d 479 (La.1980), we held that materials which have been sold, delivered to the construction site, and incorporated into or consumed during the public work are entitled to the protection of La.R.S. 38:2241 and 2242. Therefore, the materials and equipment delivered in this case, which were not consumed or incorporated in the public work, gave rise to no statutorily protected claims.
Construction Materials does not rely on the Public Works Act, however, but contends that it is entitled to recover under the bond by which the surety agreed, in the event of a default by the contractor, to be bound unto "all furnishers of materials and equipment" to "pay all bills for materials... used in the course of the performance of the work." Standing alone, the contractual language gives the supplier a right of action against the surety on the bond. The surety, nevertheless, contends that regardless of the wording of the bond its obligation cannot extend to the payment of claims unprotected by the statute.
We resolve the question in favor of the material and equipment supplier for these reasons: (1) The Public Works Act does not prohibit a surety company from extending bond coverage to claims for labor, materials and equipment beyond that required by the statute; the plain intent of the statute was to assure those protected by the bond of their right of action against the surety; and (2) The cases relied upon by the defendant are either distinguishable or contrary to the statute.

1.
The Public Works Act was enacted for the purpose of protecting persons doing work, performing labor or furnishing material for the construction, alteration or repair of public buildings, roads or works of any character. See Act 224 of 1918. The statute accomplishes this by providing (1) the governing authority must require of the contractor a bond, with solvent surety, for the faithful performance of the contract and payment by the contractor and his sub-contractors for labor or material furnished in the construction, alteration or repair of public works. La.R.S. 38:2241; and (2) generally, a person due money for labor or materials furnished for the construction, alteration or repair of any public works may file a sworn statement of the amount due *367 him with the governing authority and in the mortgage records, which, when timely recorded, makes the governing authority liable for his claim if it is not deducted from payments made to the contractor. La.R.S. 38:2242.
The statute's aim is to define the types of claims to be given protection and to make the governing authority responsible for their deduction and payment out of the contractor's receipts. The legislation clearly does not forbid a contractor and his surety from providing security for the payment of claims falling outside the ambit of statutory protection. In fact, the Public Works Act makes clear that it shall not be construed to deprive any person of his right of action on the contractor's bond. La.R.S. 38:2247, in pertinent part, provides:
"Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor's bond which shall accrue at any time after maturity of his claim...."
Defendant surety argues that this provision was intended to provide protection only for "a claimant within the terms" of the statute. We think it clear, however, that the section was designed to protect "any person" with a "right of action on the contractor's bond." Claimants whose claims fall within the ambit of the statutory protection have no need of the savings clause. It was specifically for the benefit of those persons and claimants whose rights depend solely on the contractor's bond that the section preserving their actions was added.
The surety also contends that extending coverage of Public Works bonds will conceivably allow extra-statutory claims to dilute the protection afforded traditional claimants and public bodies. These are legitimate concerns addressing themselves to the legislative process, which thus far has given more weight to other considerations. One such consideration might be found in the words of the court of appeal, which aptly suggested that there is "little merit in a rule of law which permits a surety to evade the conditions of its own bond, which it has written, and for which it has charged a premium ...." 383 So.2d at 1294.

2.
The surety company relies on several cases in which this Court has said that a public works bond cannot be broader than the law which provides for it; and that anything provided by the bond which goes beyond the provisions of the law must be read out of it.[1]Louisiana Highway Comm. v. McCain, 197 La. 359, 1 So.2d 545 (1941); Long Bell Lumber Co. v. S. D. Carr Const. Co., 172 La. 182, 133 So. 438 (1931); Murphy Iron Works v. U. S. F. & G. Co., 169 La. 163, 124 So. 768 (1929). However, "the decisions of a court of last resort are not the law, but only the evidence of what the court thinks is the law." Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 145, 150 So. 855, 858 (1933). Previous statements even by this Court cannot supersede what we now see is the plain letter and intent of the statute.
Furthermore, as the learned trial judge observed in his excellent and comprehensive reasons for judgment, only one of our opinions containing this language actually involved a bond required by the Public Works Act which was broader than the act.[2] In Long Bell Lumber Co. v. S. C. Carr Const. Co., supra, the bond, as in this case, provided that the surety, in the event of default by the contractor, would pay for material and labor used in the performance of the work. With two justices dissenting on the issue, this Court conformed a contractor's *368 bond to the statute's coverage despite the bond's broader language. The majority's opinion totally disregarded Section 3 of the Public Works Act, now La.R.S. 38:2247, which provides that the act shall not be construed to deprive any person of his right of action on the contractor's bond. The majority erroneously assumed there was no reason to depart from the jurisprudential rule and reached the unwarranted conclusion that the surety should not be held liable for claims to which a public body is immune under the act. In two of the cases relied upon by the majority, the situation was completely the reverse of that presented here, i. e., in those cases the bond was narrower than or inconsistent with the statute. Minden Presbyterian Church v. Lambert, 167 La. 712, 120 So. 61 (1929); Davis v. West Louisiana Bank, 155 La. 245, 99 So. 207 (1924); Id. 155 La. 252, 99 So. 210 (1924). In another case cited with approval, Murphy Iron Works v. U. S. F. & G. Co., supra, the opinion does not indicate whether the bond was broader or narrower than the statute. Only one of the cases cited by the Long Bell Lumber majority involved a bond which was broader than the statute requiring the bond, and that case arose under Act 49 of 1910, a law dealing with the construction of highways, which did not specifically preserve all rights of action under bonds. Miller v. Bonner, 163 La. 342, 111 So. 776 (1926). For these reasons, the Long Bell Lumber Co. case is overruled insofar as it conflicts with La.R.S. 38:2247 and our holding in the present case.

Decree
Accordingly, the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated at defendant's cost.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
MARCUS, J., dissents, being of the opinion that the judgment of the court of appeal is correct.
NOTES
[1] The rule has also been stated in several court of appeal decisions. See Patent Scaffolding Co. v. Ross Corporation, 172 So.2d 364 (La.App. 4th Cir. 1965); Pittman Const. Co. v. Housing Auth. of New Orleans, 169 So.2d 122 (La.App. 4th Cir. 1964); Martinolich v. Albert, 143 So.2d 745 (La.App. 1st Cir. 1962); Interstate Wholesale Grocery Co., Inc. v. Prutsman, 1 La.App. 731 (1st Cir. 1925).
[2] In only two court of appeal cases was the issue squarely addressed. See Patent Scaffolding Co. v. Ross Corporation, supra; Pittman Const. Co. v. Housing Auth. of New Orleans, supra. Both of these cases merely relied on the rule without analyzing it.