431 So.2d 38 (1983)
Ronald ADAMS
v.
MAGNOLIA CONSTRUCTION CO., INC., et al.
No. 82 CA 0534.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
John F. Pugh of Pugh, Lanier & Pugh, Thibodaux, for plaintiff-appellant Ronald Adams d/b/a La. Materials, Products & Services.
Felix R. Weill, Baton Rouge, for defendants-appellees Magnolia Const. Co., Inc. and Safeco Ins. Co. of America.
Diana M. Sanders, Raceland, for defendant-appellee Delta M. Const. Co., Inc.
A. Bruce Simpson, Lockport, for defendant-appellee Town of Lockport.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Ronald Adams, d/b/a La. Materials, Products & Services, appeals from a directed verdict granted in favor of Magnolia Construction Co., Inc., its insurer, Safeco Insurance Co., and the Town of Lockport. La. Materials contends that the trial court erred in failing to find it was a material supplier to a sub-contractor, thus entitling it to public contract law protection.
In August of 1979, the Town of Lockport and Magnolia Construction executed a written contract for the construction of an addition to the sewerage system of Lockport. In turn, Magnolia Construction entered into a verbal agreement with Delta M. Construction, Inc., whereby Delta was to furnish Magnolia Construction with shells for the Lockport project. At that time, Delta purchased its shells from several sources, including La. Materials (appellant herein).
Shortly after a notice of acceptance was filed on this project by the Town of Lockport, La. Materials filed a lien affidavit. Therein, it alleged non-payment for the materials it supplied to the sewerage project through a sub-contractor (Delta). Subsequently, *39 Magnolia Construction filed a release of lien bond, and the lien was cancelled. However, payment was not forthcoming. As a result, this suit was instituted.
The trial court awarded La. Materials a judgment against Delta for the price of the shells. However, the remaining defendants were granted a directed verdict. This resulted from the trial court's conclusion that La. Materials failed to prove the shells it supplied to Delta were those used for the Lockport sewerage project.
On appeal, La. Materials complains that the trial court erred in directing a verdict in favor of Magnolia Construction, its surety, and the Town of Lockport. More particularly, it contends the trial court erred in failing to conclude that Delta was a sub-contractor on the project.
We note that the trial court did not specifically rule on the issue of Delta's status. Rather, it directed the verdict of dismissal on the basis that there was no evidence that the shells sold by La. Materials were delivered for or used in this particular "public works."
In the instant matter, the Town of Lockport contracted for the construction of a sanitary sewer system under the Public Contracts legislation of this state. As such, all parties herein are bound by the provisions of L.S.A.-R.S. 38:2241 et seq. These provisions are strictly construed. Construction Materials, Inc. v. American Fidelity Fire Insurance Company, 383 So.2d 1291 (La.App. 1st Cir.1980), reversed on other grounds, 388 So.2d 365 (La.1980).
The threshold question of any recovery under these provisions is whether or not the materials were supplied for or used in a "public works." Here, the trial court found, as a matter of fact, that the shells supplied by plaintiff to Delta were not proved to have been supplied for or used in whole or in part in any "public works."
The record reflects that Delta purchased its shells from several sources, including La. Materials, Ratcliff Materials, and Coastal Dragline. These shells were stockpiled at Delta's Lockport yard. Mr. Adams, Delta's president, testified that Delta was involved in several area projects in addition to the Lockport sewer project.[1] The shells for all these projects were supplied from Delta's Lockport yard. Accordingly, Mr. Adams testified he did not know whether the shells supplied by La. Materials were used on the Lockport sewerage project or in the other constructions. Furthermore, plaintiff failed to prove that the shells it supplied Delta were used on or co-mingled with those used on the Lockport project. As such, plaintiff's recovery cannot lie against the Town of Lockport, Magnolia Construction Company, Inc., or its insurer.
The trial court's conclusions of fact must be given great weight and will not be disturbed, absent clear error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find that a reasonable trier of fact could conclude that the plaintiff failed to establish that the shells he delivered were supplied for or used in the construction of any "public works."
Having found that the plaintiff has failed to meet the threshold question, we need not address his second assignment of error in which he contends that he was a sub-contractor. For the above and foregoing reasons, judgment of the trial court is affirmed. Plaintiff-appellant, Ronald Adams, is to pay all costs.
AFFIRMED.
NOTES
[1] Mr. Adams testified that Delta was also constructing five houses, each of which required shells for foundations and for filter beds on the sewers and driveways.