**PIPE SYSTEMS, INC., Plaintiff,**

v.

**AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY, Defendant.**

No. 84–2584C(A).

United States District Court,
E.D. Missouri, E.D.

March 19, 1985.

Theodore F. Schwartz, Clayton, Mo., for plaintiff.

Leritz, Reinert & Duree, Bernard A. Reinert, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on the defendant's motion to dismiss for lack of jurisdiction and improper venue pursuant to Rule 12(b)(1) and 12(b)(3) Federal Rules of Civil Procedure.

Plaintiff is a Missouri corporation engaged in the business of furnishing pipe and other materials for construction and maintains its principal place of business in St. Louis County, Missouri. Plaintiff alleges that defendant is a corporation organized and existing under the laws of a state other than Missouri and maintains its principal place of business in the State of Illinois.

In the complaint, plaintiff alleges that it sold materials and furnished equipment to a contractor who was constructing a sewage collection facility in Iberia Parish, Louisiana. The contractor had entered into a contract with Sewage District No. 1 of Iberia Parish, Louisiana for the construction of that project. As required by the Louisiana Public Works Act La.R.S. 38:2241 et seq., the contractor obtained a public works bond. Defendant, as surety, issued the bond in the amount of $607,-553.50. Defendant's liability under the bond matures in the event that the contractor defaults on its obligation to finish the project and to pay for labor and materials used on the project.

Plaintiff alleges that the contractor is in default of its obligations and that defendant, therefore, is required to pay sums due and owing plaintiff pursuant to the terms of the bond. Defendant acknowledges plaintiff's claim, but disputes the amount claimed by plaintiff.

Defendant's brief supporting its motion to dismiss asserts that plaintiff's action should be dismissed by this Court for lack of jurisdiction and improper venue because suit has not been filed " * * * in the proper court of the parish where the work was done * * * " as required by the Louisiana Public Works Act § 2243, La.R.S. 38:2243. Defendant asserts that the Louisiana Public Works Act proscribes an exclusive procedure for resolving claims against the statutorily required public works bond.

Plaintiff contends that the statutory procedure proscribed by § 2243 of the Act is not mandatory; and further, that the terms of the Louisiana statute are not incorporated into the bond because the bond did not specifically include a forum selection provision. It is plaintiff's position that the Louisiana statute is not controlling and that this Court, therefore, has jurisdiction in this diversity action.

The Louisiana Public Works Act was enacted to "protect persons doing work, performing labor or furnishing materials for the construction, erection, alteration or repair of * * * public works of any character." La. Acts 1918, No. 224. The Act requires contractors performing work for the State or any political subdivision thereof to furnish a public works bond in the amount of no less than fifty percent of the contract price. The Act affords a "special remedy [to] a certain class of creditors for the concurrent enforcement of their claims and to regulate their rights as between themselves and against a contractor doing public work, and the surety on his bond." *Seal v. Gano,* 160 La. 636, 107 So. 473 (1926).

La.R.S. 38:2243 provides in pertinent part:

> "If at the expiration of the forty-five days and filed and recorded claims are unpaid, the governing authority shall file a petition in the proper court of the parish where the work was done, citing all claims and the contractor, subcontractor, and surety on the bond and asserting whatever claims it has against any of them, and shall require the claimants to assert their claims. If the governing authority fails to file the proceeding any claimant may do so.
>
> "All the claims *shall* be tried in concursus and the claims of the claimants shall be paid in preference to the claims of the governing authority." (Emphasis added.)

■ The purpose of this section was to provide a remedy to " * * * bring all parties concerned and having an interest together before one court and in one proceeding, to the end that their respective rights as between themselves and against the contractor and his surety might be recognized and adjusted." *Seal v. Gano,* 107 So. at 475. The Louisiana legislature desired to prevent the multiplicity of suits that would arise when creditors enforced their individual claims against the principal and surety. The remedy created by § 2243 additionally enables all creditors to share ratably and in proportion to the amount of their respective claims in the common fund provided by the bond, therefore, eliminating the probability that some creditors would not recover because other creditors had exhausted the fund in prior suits.

Louisiana is not the only state to have enacted a bond statute that restricts the forum for suits to the state where the work was done. (See Appendix A, *infra.*) Plaintiff argues, however, that the Louisiana statute, unlike the Miller Act, 40 U.S.C. § 270b and other state statutes having forum restriction provisions, does not provide an exclusive procedure for recovery against the public works bond. It is pointed out that the other statutes use mandatory language, including the restrictive word "shall," to proscribe the procedure for recovery, whereas the Louisiana statute provides that " * * * any claimant *may* do so." (Emphasis added.)

■ It is this Court's opinion that plaintiff's attempt to distinguish the Louisiana statute from other state statutes which provide forum restrictions on statutory public works bonds' is ill-conceived. The Louisiana Supreme Court in *Seal v. Gano,* supra, acknowledged that the purpose of the statute is to provide a "special" remedy for all parties concerned to adjudicate their respective rights in one proceeding. If plaintiff's contentions are accepted as true, the statute's effectiveness will be totally thwarted. Additionally, the statute provides that "[a]ll the claims shall be tried concursus * * *." A concursus action promotes the adjudication of all claimants' rights in one proceeding, thereby eliminating multiplicity of suits and insuring that all claimants recover against the bonds.

The procedure prescribed by the Louisiana statute is, therefore, found to be mandatory in light of *Seal v. Gano,* supra.

■ The next point which needs consideration is whether the special remedy created by the Louisiana Public Works Act restricts the jurisdiction of this Court in a diversity action. Plaintiff alleges that this Court has jurisdiction in the case at bar because all requisites of diversity have been met. "It is generally true that a transitory action * * * may be brought in any court of competent jurisdiction where jurisdiction over the defendant can be obtained," however, a local cause of action may be restricted to a particular jurisdiction. *State ex rel. U.S. Fidelity and Guaranty Co. v. Mehan,* 581 S.W.2d 837 (Mo.App.1979).

The Supreme Court implicitly recognized a state's right to restrict a cause of action to a specific court in *Tennessee Coal, Iron & R. Co. v. George,* 233 U.S. 354, 34 S.Ct. 587, 58 L.Ed. 997 (1914) and *Atchison, T. & S.F.R. Co. v. Sowers,* 213 U.S. 55, 29 S.Ct. 397, 53 L.Ed. 695 (1909). In *Tennessee Coal,* supra, the Court held that a court was not obliged by the full faith and credit clause of the Constitution to give effect to a sister state's statute, restricting the place of bringing suit to that state, where the cause of action created by that state is transitory. In *Atchison,* supra, the Supreme Court similarly held that a statutory cause of action created by the Territory of New Mexico was transitory and, therefore, a federal court sitting in Texas was not required to adhere to the New Mexico statute's forum restriction. Both *Tennessee Coal* and *Atchison* involved actions for personal injury characterized in *Atchison* as "universally held to be transitory."

■ In *Tennessee Coal,* supra, the Court expressly recognized that an action is local where "the right and remedy are * * * so inseparably united as to make the right dependent upon its being enforced in a particular tribunal." 233 U.S. at 359, 34 S.Ct. at 588. The Louisiana Public Works Act requires contractors, working on public works projects, to provide a bond "for the protection of [the State, Parish, city, town, village, public board or body having the work done], for the faithful performance of the contract and payment of all persons doing work, performing labor or furnishing materials therefor." La. Acts 1918, No. 224. The Louisiana legislature has determined that the most effective manner for effectuating such protection is to require suit to be tried in concursus in the proper court of the parish where the work was done. As discussed previously, this limitation tends to maximize the convenience of the defendant, avoid multiplicity of suits and protect creditors. By allowing suits to be brought in jurisdictions other than the parish where the work was done, the defendant could be required to appear in any and all federal courts where personal jurisdiction over defendant could be obtained and where subject matter jurisdiction requirements are met. Additionally, one contractor's default on a public works project could result in as many suits as there are claimants against the bond. Defendant has indicated that there may be as many as thirty-nine such claimants in this case. Finally, and most importantly, creditors would lose their right to recover against the bond once its funds were exhausted in prior suits. This Court, therefore, finds in accordance with the principles enunciated in *Tennessee Coal,* supra, that the cause of action created by the Louisiana Public Works Act is local in nature. This being the case, this Court does not have jurisdiction over the subject matter of the instant action.

Plaintiff argues that even if the jurisdictional limitation embodied in La.R.S. 38:2243 is found to be mandatory, the terms of that statute are not incorporated into the bond. In *Orleans Parish School Bd. v. Pittman Const. Co.,* 244 So.2d 641 (La.App.1971), the Louisiana Court of Appeals stated:

"It is well settled that bonds furnished for public contracts are statutory bonds and the Court is required to look to the statute to find conditions of the bond, and whatever is written into the bond

which is not required by the statute must be read out of the bond, and whatever is not expressed in it which ought to have been incorporated into the bond must be read into it, [Citations omitted]."
*Id.* at 642.

Plaintiff avers that *Orleans Parish School Bd.* does not reflect the current status of Louisiana law in that subsequent decisions of the Louisiana Supreme Court have not continued that construction of the Louisiana statute. For this proposition, plaintiff cites *Construction Materials v. American Surety,* 388 So.2d 365 (La.1980) and *Valliant v. State Department of Louisiana,* 437 So.2d 845 (La.1983).

In *Construction Materials,* supra, the court faced the issue of whether the Louisiana Public Works Act, La.R.S. 38:2241 et seq. limits who may recover under a contractor's performance and payment bond where a surety company's obligations, as specified in the bond, extend beyond those statutorily required. The court held that the Act does not prohibit a contractor's surety from obligating itself to pay claims beyond those required, reasoning that § 2247 of the Act makes clear that the Act shall not be construed to deprive "any person * * * of his right of action on the contractor's bond." The court's rationale supporting its holding is clearly contrary to plaintiff's assertion that the court determined that prior construction given to the relationship of surety bonds to the statute requiring them were no longer to be applied. The decision in *Construction Materials* must only be read to hold that the Louisiana Public Works Act provides the minimum obligations a surety will incur on a public works bond. Plaintiff's interpretation of that case would require that the terms of the bond dictate the rights of the creditors rather than the statute. This interpretation would thwart the purpose behind the statute.

The case at bar is also distinguishable from *Construction Materials,* supra, for two reasons. First, the *Construction Materials* decision was based on the construction of § 2247 of the Louisiana Public Works Act, whereas the present case involves § 2243 of the same Act. Second, the bond in the instant case does not make any reference to forum selection. Therefore, unlike *Construction Materials,* the bond's terms do not conflict with the Act and this Court need not determine which provision is controlling. Additionally, it is unlikely that terms of a bond, abrogating the specific procedure contemplated by the Act, would be upheld because of the integral relationship of the statutory procedural remedy to the purposes of the Act.

Plaintiff's reliance on *Valliant v. State Department of Louisiana,* supra, is similarly misplaced and does not need to be analyzed in detail. The holdings in *Construction Materials* and *Valliant* are limited to their factual settings and should not be extended to apply to the instant case.

In conclusion, this Court finds that the Louisiana Public Works Act, La.R.S. 38:2241 et seq. specifies a remedy for claims against a public works bond that is local in nature. § 2243 of that Act requires suits to be brought in concursus "in the proper court of the parish where the work was done."·

This Court is thereby precluded from asserting jurisdiction over the action at bar, and accordingly it is ordered that plaintiff's action be dismissed for lack of jurisdiction, without prejudice, at plaintiff's costs.

## APPENDIX A

### UNITED STATES

#### Miller Act 40 U.S.C. § 270b

"(b) Every suit instituted under this Section shall be brought * * * in the United States District Court for any *district in which the contract was to be performed* and executed *and not elsewhere,* irrespective of the amount in controversy in such suit * * *"

### ARKANSAS

#### Arkansas Stats. § 51–636

"SUIT ON CLAIMS AGAINST BOND.— All persons, firms, associations and corpo-

rations who have valid claims against the bond may bring an action thereon against the corporate surety, provided that no action shall be brought on said bond after six (6) months from the date final payment is made on the contract, *nor outside the State of Arkansas.*"

## CONNECTICUT

### Connecticut Stats. § 49-42

"(b) Every suit instituted under this section shall be brought in the name of the person suing, *in the superior court for the judicial district where the contract was to be performed,* * * * "

## DISTRICT OF COLUMBIA

### District of Columbia Stats. § 1-1105(b)

"(b) Every suit instituted under this section shall be brought in the name of the District of Columbia for the use of the person suing, *In the Superior Court of the District of Columbia,* irrespective of the amount in controversy in such suit, * * * "

## ILLINOIS

### Ill.Rev.Stat. Ch. 29 § 16

"RECOVERY ON BOND—NOTICE OF CLAIM—LIMITATION * * * Such suit shall be brought only in the circuit of this State in the judicial district in which the contract is to be performed."

## IOWA

### Iowa Stats. § 573.16

"OPTIONAL AND MANDATORY ACTIONS—BOND TO RELEASE The public corporation, the principal contractor, any claimant for labor or material who has filed his claim, or the surety on any bond given for the performance of the contract, may, at any time after the expiration of thirty days, and not later than sixty days, following the completion and final acceptance of said improvement, *bring action* in equity in the county *where the improvement is located* to adjudicate all rights to said fund, or *to enforce liability on said bond.*"

## MICHIGAN

### Michigan Stats. § 129.209

"Sec. 9. An action instituted on the payment bond *shall be brought only in the appropriate court in the political subdivision in which the contract was to be performed.*"

## NEVADA

### Nevada Stats. § 339.055

"ACTIONS ON PAYMENT BONDS: VENUE; LIMITATION OF ACTIONS

1. Every action on a payment bond as provided in NRS 339.035 shall be brought in the appropriate court of the *political subdivision where the contract for which the bond was given was to be performed.*"

## NEW YORK

### New York Stats. Art. 9, State Finance § 137

"BOND TO SECURE PAYMENT OF CERTAIN CLAIMS ARISING FROM A PUBLIC IMPROVEMENT; ENFORCEMENT * * *

4. (a) A payment bond required pursuant to this section may provide that the place of trial of an action on the bond shall be in the county *in which the contract of the contractor who furnished the bond was to be performed* or if such contract was to be performed in more than one county, then in any such county, *and not elsewhere.*"

## OREGON

### Oregon Stats. § 279.536

"ACTION BY CLAIMANT ON CONTRACTOR'S BOND

(1) A person who has filed and served the notice or notices of claim, as required under ORS 279.526 and 279.528, or his assignee, may institute an *action on the contractor's bond,* cashier's check or certified check as provided for in ORS 279.029 *in the circuit court of this state or the federal district court of this district.*"

## SOUTH DAKOTA

### South Dakota Stats. § 5–21–6

"ACTION BY LABORER OR MATERIAL-MAN ON PUBLIC CONTRACTOR'S BOND—LIMITATION OF ACTION—INTERVENTION BY OTHER CLAIMANTS —COSTS. * * * the person supplying the contractor with labor or material shall * * be authorized to bring suit in the name of the public corporation in the circuit court of the *county in which such contract was to be performed and not elsewhere,* for his use and benefit, against such contractor and his surety, and to prosecute the same to final judgment; * * * "

## TENNESSEE

### Tennessee Stats. § 54–5–119

"CONTRACTORS MUST GIVE BONDS— ACTIONS—LIMITATIONS All contractors with whom contracts are made by the bureau shall enter into good and solvent surety bond * * *.

All actions on bonds furnished under this section shall name the director of highways as a party-defendant and may be instituted in *any court of competent jurisdiction in this state, * * * "*

## TEXAS

### Texas Stats. Chap. 4 Art. 5160 G

"G. All suits instituted under the provisions of this Act shall be brought in a court of competent jurisdiction *in the county in which the project or work,* or any part thereof, *is situated."*

## UTAH

### Utah Stats. § 63–56–38(4)

"CLAIMS FOR LABOR OR MATERIAL FURNISHED—SUIT ON CONTRACTOR'S PAYMENT BOND—PROCEDURE—LIMITATION * * * "Any suit instituted upon a payment bond shall be brought in the district court of the county in which the construction contract was to be performed." Every suit instituted on the aforesaid payment bond shall be brought in the appropriate court *in the political sub-division in which the contract was to be performed and not elsewhere; * * * "*

## VIRGINIA

### Virginia Stats. § 11–23

"BONDS ON PUBLIC CONTRACTS TO WHICH COUNTY, CITY, TOWN, SCHOOL BOARD, OR AGENCY THEREOF, IS PARTY: CONDITIONS OF SUCH BONDS. * * *

Every action brought under this section *shall be brought in a Virginia court of competent jurisdiction* and the venue therefor shall be specified in subdivision 6 of § 8.01–261, or in the United States District Court for the district in which the project, or any part thereof, is situated, *and not elsewhere."*